[L. A. No. 16032. In Bank.—April 20, 1937.]

In the Matter of the Application for Change of Name of KEITH MACAULAY ROSS, Petitioner and Appellant.

David Tannenbaum for Appellant.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

LANGDON, J.—Petitioner filed a petition for change of personal name, under the provisions of section 1275· et seq. of the Code of Civil Procedure, in the Superior Court of Los Angeles County. The application stated that petitioner's name was Keith Macaulay Ross; that he was a stage and motion picture actor and for some fifteen years had used the. professional name of Ian Keith; that the name of Ian Keith has great professional and sentimental value to him; that he is universally known by that name; and that he desired such name to be his true name, of record. A hearing was had in accordance with the statute at which proof was made of publication of the required order to show cause. No one appeared in opposition to the petition, but the court examined petitioner and found the above matters to be true. The court further found, however, that petitioner had been adjudicated a bankrupt in proceedings in New York, that his debts had been discharged, and that he had not subsequently paid such debts. The court thereupon denied the petition, and this appeal was brought by petitioner.

The common law recognizes the right to change one's personal name without the necessity of legal proceedings, and the purpose of the statutory procedure is simply to have, wherever possible, a record of the change. (*Ray* v. *American Photo Player Co.*, 46 Cal. App. 311 [189 Pac. 130]; *Smith* v. *United States Casualty Co.*, 197 N. Y. 420 [90 N. E. 947, 18 Ann. Cas. 701, 26 L. R. A. (N. S.) 1167].) Hence Mr. Ross may, regardless. of the present petition, use the name of Keith if he desires. And in keeping with the object of the statute, a court to which he applies should normally make its decree recording such change of name. The statute provides in this connection: "On the hearing, the court may examine on oath any of the petitioners, remonstrants, or other persons, touching the application, and may make an order changing the name, or dismissing the application, as to the court may seem right and proper." (Code Civ. Proc., sec. 1278.) This provision permits the court in the exercise of its discretion to deny the application, but if such discretion is abused, it is of course subject to correction on appeal.

The only reason which appears for the court's denial of the petition was that petitioner's debts had been discharged by bankruptcy, and that he had not thereafter paid

them. We are unable to understand how this fact can constitute an objection to the decree sought. If it is urged that there is some guilt or impropriety in petitioner's conduct, the obvious answer is that bankruptcy statutes were designed to relieve the debtor of his obligations and enable him to make a fresh start. (*Stellwagen* v. *Clum,* 245 U. S. 605, 617 [38 Sup. Ct. 215, 62 L. Ed. 507].) In becoming a bankrupt, giving up all of his assets and being relieved of his obligations, petitioner made use of a legal right to which no stigma nor disability attaches. He is not obligated to pay the discharged debts, and to deny him any other legal right or privilege because of failure to do so is entirely unreasonable.

It is suggested, however, that since he became a bankrupt under the name of Ross, if the court granted the petition for change of his name to Keith, it would be assisting him to deceive persons who in future dealings might give him credit, which they would not do if they were aware of the fact of bankruptcy. There is no substance in this argument. Petitioner may now, without the aid of any court, deal with persons and secure credit under the name of Keith, if he chooses to assume that name. Creditors who investigate will be unable to find in the public records any indication of the bankruptcy of Keith. But if the decree is given, and a record appears of the change of name from Ross to Keith, creditors will be better enabled through the usual channels to discover the prior bankruptcy of Keith. Hence the granting of the present petition would probably operate to the benefit of future creditors, rather than to their detriment.

We do not mean to suggest that the lower court must in every case grant a petition in proper form for change of name, but it is our view that some substantial reason must exist for the denial, and that none appears in the record before us.

The judgment is reversed with directions to the trial court to grant the petition.

Edmonds, J., Curtis, J., Seawell, J., Shenk, J., and Thompson, J., concurred.