[Civ. No. 11081.   First Appellate District, Division Two.—December 6, 1939.]

In the Matter of the Application of HAROLD VERNE USELDINGER, for Change of Name. HAROLD VERNE USELDINGER, Appellant, v. JAMES EDWARD BRITT, Respondent.

Walter H. Duane for Appellant.

P. Paul Vlautin, Jr., for Respondent.

SPENCE, J.—Petitioner filed his petition under sections 1275–1279 of the Code of Civil Procedure seeking to change his name to James J. Britt. The trial court, after a hearing, made its order denying said petition and petitioner appeals from said order.

Said petition was filed and the order was entered in 1938. At that time petitioner was 26 years of age. The evidence showed that he was born in the State of Washington; that he had resided there until he was 22 years of age, at which time he came to San Francisco; that at the age of 12, he had adopted the name of James J. Britt and had been known by that name or as Jimmy Britt at all times thereafter; that he had never heard of remontrant James Edward Britt at that time but was acquainted with Frank Britt, a fighter, and liked the name of Britt so he chose the name James J. Britt; that he had thereafter become a fighter; that he had married under the name of James J. Britt and that his wife and child had been known at all times by the name of Britt; that the birth certificate of his child had been filed under the name of Britt; that he had not used the name of Useldinger for over 14 years; that after coming to San Francisco, he had managed taverns for several years and, at the time of the hearing,

he and Frank Pachiano were operating a tavern of their own, located on Eddy Street in San Francisco and known as the "Little Louvre"; that he had never heard of remonstrant, James Edward Britt, until seven or eight years before filing his petition; and that he desired to change his name to James J. Britt because he was and had been known by that name during all of the time mentioned.

While James Edward Britt filed no objections showing good reason against such change of name (Code Civ. Proc., sec. 1278), he appeared as a remontrant and introduced some evidence. Said evidence showed that he had been at one time a well-known professional fighter but had retired from the ring in 1910; that he had thereafter been a vaudeville actor but it does not appear how long he had followed that vocation; that he had been in the plumbing business with his father before becoming a fighter but had never engaged in any business or vocation other than those herein mentioned; that at the time of the hearing, he was a W. P. A. worker, but had an intention "to open a place in the Exposition". It further appears that for approximately two weeks after petitioner and his partner acquired the tavern known as the "Little Louvre", a banner approximately three by five feet in size was displayed announcing that the place has changed hands and was being operated under the management of Frank Pachiano and Jimmy Britt. The remontrant James Edward Britt testified that San Francisco had been his home city; that he had first heard of petitioner when some people spoke to him about the sign thinking that he was in the tavern business; and that "there was some of them had gone in there. We laughed about it." When asked, "What did they relate to you what happened?" he answered, "When the young man appeared, he was much younger and better looking than I was, they knew it was not me". He further testified that he went into the tavern and asked petitioner if Jimmy Britt was around; that petitioner answered, "Yes, I am Jimmy Britt"; that he said: "That's funny, so am I"; that petitioner said, "Oh, you are the old timer?"; that he said, "I feel younger"; that he then asked petitioner if he was going to take the sign down; that petitioner said no and "I exited laughingly".

Upon this showing, the trial court denied the petition. Petitioner contends that the trial court abused its discretion

in so doing and in our opinion this contention must be sustained.

The common-law right to change one's name has not been abrogated by statute in this state and such change may be accomplished without resort to legal proceedings. (*In re Ross*, 8 Cal. (2d) 608 [67 Pac. (2d) 94, 110 A. L. R. 217]; *Ray* v. *American Photo Player Co.*, 46 Cal. App. 311 [189 Pac. 130]; *Everett* v. *Standard Acc. Ins. Co.*, 45 Cal. App. 332 [187 Pac. 996].) As the above-mentioned code sections were enacted in affirmation of that right and for the purpose of establishing a change of name as a matter of record, it is only under peculiar circumstances that a court will be justified in denying an order changing a petitioner's name.

These principles are clearly stated in *In re Ross, supra,* where the court said at pages 609 and 610, "The common law recognizes the right to change one's personal name without the necessity of legal proceedings, and the purpose of the statutory procedure is simply to have, wherever possible, a record of the change. (Citing cases.) Hence Mr. Ross may, regardless of the present petition, use the name of Keith if he desires. And in keeping with the object of the statute, a court to which he applies should normally make its decree recording such change of name. . . . This provision (Code Civ. Proc., sec. 1278) permits the court in the exercise of its discretion to deny the application, but if such discretion is abused, it is of course subject to correction on appeal. . . . We do not mean to suggest that the lower court must in every case grant a petition in proper form for change of name, but it is our view that some substantial reason must exist for the denial, and that none appears in the record before us."

We find no substantial reason for the denial of the petition in the present case. On the other hand, petitioner presented very substantial reasons for the granting of the petition. More than 14 years before the filing of the petition, petitioner had exercised his legal right to change his name to James J. Britt. Thereafter petitioner had consistently used and had been generally known by the last-mentioned name and it constituted petitioner's "legal name just as much as if he had borne it from birth". (*Ray* v. *American Photo Player Co., supra,* p. 314.) The purpose of the

petitioner in filing this proceeding was to establish a legal record of that which he had already legally done many years before.

In opposition to the petition, remonstrant merely showed that the name which had been adopted by petitioner was similar to but not the same as his own and that as a result of the use of a small, temporary sign, announcing petitioner's entrance into the tavern business, some persons had thought that remonstrant had entered said business. There was no showing, however, of any fraud practiced upon, or of any invasion of any legal right of, remonstrant or any other person. Remonstrant was not and never had been engaged in the tavern business and there was no element of unfair competition involved. As no substantial reason appeared for denying the petition, we conclude that the trial court should have granted it.

In reversing the order of the trial court, we do not mean to imply that every petition for change of name must be granted or that the trial court may deny a petition only upon a showing of actual fraud or the actual invasion of the legal rights of another. Each case must stand upon its own particular facts in determining whether a trial court has abused its discretion in denying the petition. We are of the opinion, however, that as the petitioner here had constantly used and had been generally known by the adopted name over a long period of years, it did constitute an abuse of discretion to deny him a legal record of such change upon the unsubstantial showing made in opposition to his petition. Until such time as the common-law right to change one's name may be abrogated by statute, the courts should encourage rather than discourage the filing of petitions for change of name (*In re Slobody*, 173 N. Y. Supp. 514) to the end that such changes may be a matter of public record.

The order is reversed with directions to the trial court to grant the petition.

Nourse, P. J., and Sturtevant, J., concurred.