[Civ. No. 34453. First Dist., Div. Four. Oct. 24, 1974.]

In re the Marriage of JANICE CHRISTENSEN and
KENNETH ALLAN BANKS.
JANICE CHRISTENSEN BANKS, Appellant, v.
KENNETH ALLAN BANKS, Respondent.

## COUNSEL

Lloyd R. Crenna, Ollie M. Marie-Victoire and Marilyn Hall Patel for Appellant.

Evelle J. Younger, Attorney General, Judith T. Ashmann, Deputy Attorney General, Ellen Lake, Charles C. Marson, Joseph Remcho, Peter E. Sheehan, Deborah Hinkel, Claire Perkinson, Kathleen Murray and Aileen C. Hernandez as Amici Curiae on behalf of Appellant.

Matthew M. Fishgold and Jerome N. Lerch for Respondent.

## OPINION

**CHRISTIAN, J.**—Janice Christensen Banks appeals from a judgment of marital dissolution insofar as her request for restoration of maiden name was denied.

The cause was tried very briefly as an uncontested matter. Pertinent to this appeal is the following colloquy, which occurred just before the taking of testimony, between the court and counsel for the wife:

"MR. CRENNA: . . . The Court shall also order that petitioner shall be restored to her maiden name, Janice Christensen, effective by entry of final judgment of this —

"THE COURT: I don't know whether I will or not. She's got three children. All I do is create conflict. The children's name is Banks, right?

"MR. CRENNA: That is correct, Your Honor, but as I understand it, she has a statutory right —

"THE COURT: No, she doesn't have a statutory right.

"MR. CRENNA: She has a—I would propose that she has a constitutional right to change her name.

"THE COURT: She may use any name she wants to, but you are asking the Court now to order her to resume the use of her maiden name, which I am not going to do so long as there are minor children. I mean, I don't care what name she uses. It doesn't make any difference to me.

"MR. CRENNA: I don't quite understand, your Honor, if she is free to use any name, how that would lessen the effect on the children if she is only denied the legal right —

"THE COURT: I am just not going to order that she be allowed to resume her maiden name, and I don't think she has a constitutional right to insist that I do that.

"Now, she may have, as you point out, a constitutional right to assume any name which she wants to assume. With that I am not quarreling. That's a totally different proposition. But I consider that the sanity of the children and a lack of frustration over a different name is of considerably greater importance at this point than a resumption of her maiden name. I don't see what is to be gained by resuming her maiden name.

"MR. CRENNA: I think that the gain is that it makes her a whole person again in the sense that she now —

"THE COURT: Isn't she a whole person now?

"MR. CRENNA: She now can become the individual she was prior to her marriage to Mr. Banks, and it's a very important issue to Mrs. Banks.

"THE COURT: It might very well be, but it's a very important issue also to the Court, and I would advise Mrs. Banks that a rose by any other name is a rose just the same. It doesn't make any difference what your name is. And my concern at this stage of the game is with these children. That's my major concern. Whether or not Mr. and Mrs. Banks were able to make it insofar as their own marriage is concerned is their own business. They got married. They were adults. But they have three small children now who ought not now be frustrated by this effort. The answer to your point in inquiry is no."

Neither the reporter's transcript nor the report of the domestic relations investigator contains any evidence relating to the request for restoration of maiden name. Appellant contends that the court should nevertheless have granted her request. California legislation has long provided for restoration of the wife's maiden name upon the dissolution of a marriage. The presently effective statute is Civil Code section 4362, which provides: "In any proceeding under this part, except an action for legal separation, the court may restore the maiden or former name of the wife regardless of whether or not a request therefor was included in the petition." (Stats. 1970, ch. 311, § 1, pp. 703, 705.) Appellant contends that the court was under a mandatory duty to restore her maiden name even though the statute says that the court "*may* restore the maiden name or former name of the wife. . . ." (Italics added.)

■ As ordinarily used in a statute, the word "may" is merely permissive and discretionary; "may" is not to be interpreted or understood as mandatory unless the context or any other indication of legislative intention plainly compels an unusual interpretation. (*Ostrander* v. *City of Richmond* (1909) 155 Cal. 468, 470 [101 P. 452]; *Santa Cruz R. P. Co* v. *Heaton* (1894) 105 Cal. 162, 165 [38 P. 693]; *County of Los Angeles* v. *Read* (1961) 193

Cal.App.2d 748, 752 [14 Cal.Rptr. 628]; *Marshall* v. *Foote* (1927) 81 Cal.App. 98, 102 [252 P. 1075].) For example, the Family Law Rules promulgated by the Judicial Council (Rules of Court, rule 1201 et seq.) indicate (rule 1202(a)) that in construing the rules " 'Shall' is mandatory, and 'may' is permissive." The context of Civil Code section 4362 does not indicate that its use of the word "may" was meant to be interpreted as mandatory. Appellant urges, however, that the legislative history of the section compels such interpretation.

The first California statute permitting restoration of a maiden name in divorce proceedings appeared in 1945. Civil Code section 131 was amended to read as follows: "[I]f there is no living issue of such marriage, the court *may, in its discretion*, if requested, restore to the wife her maiden name or the name under which she was married. . . ." (Stats. 1945, ch. 175, pp. 655-656; italics added.) It plainly appears from this language that the trial court was called upon to exercise discretion in deciding whether to restore the maiden name—but only when there were no living children of the marriage. Later in 1945, a further amendment deleted the reference to "living issue," leaving in effect the following: "[T]he court *may, in its discretion*, if requested, restore to the wife, her maiden name or the name under which she was married. . . ." (Stats. 1945, ch. 721, § 1, p. 1404; italics added.) Hence, by the end of 1945, the trial judge was authorized to exercise discretion in restoring a wife's maiden name, notwithstanding the existence of any children.

In 1947, Civil Code section 131 was again amended—this time to give the trial judge discretion in restoring a maiden name even when a request therefor was not included in the prayer of the complaint. Section 131 thereafter read: ". . . and the court *may, in its discretion* and regardless of whether or not a request therefor was included in the prayer of the complaint, restore the maiden name of the wife or the name under which she was married. . . ." (Stats. 1947, ch. 1029, § 1, pp. 2301, 2302; italics added.)

In 1969, a comprehensive revision of the California marital laws was effectuated with the passage of the Family Law Act.[1] The enactment repealed section 131 and the provision for restoration of maiden name was placed in Civil Code section 4521. That section was identical to the present section 4362 in providing: "In any proceeding under this part, except an action for legal separation, the court *may* restore the maiden name or former name of the wife regardless of whether or not a request therefor was in-

---

[1]Codified in Civil Code section 4000 et seq.

cluded in the petition." (Stats. 1969, ch. 1608, § 8, pp. 3314, 3328; italics added.)

The words "in its discretion" which were included in former section 131 do not appear in section 4362; it is claimed that the language in question was "carefully excised" for the new section. Deletion of a statutory provision by legislation does suggest that a change was intended. (*Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 231 [273 P.2d 5]; *People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1].) Therefore, the argument continues, the Legislature must have intended to end any discretionary power of the trial court to withhold restoration of a wife's maiden name.

The legislative history of Civil Code section 4362 yields somewhat inconclusive results. The Family Law Act was an outgrowth of legislation proposed in the Report of the Governor's (former Gov. Edmund G. Brown) Commission on the Family (1966) (hereinafter "Governor's Commission"). (Report of 1969 Divorce Reform Legislation of the Assembly Commission on the Judiciary (4 Assem.J. (1969) 8053, 8054); Family Law Act Practice (Cont.Ed.Bar 1970) §§ 1.1-1.3, pp. 113-115.)

The Governor's Commission recommended the repeal of former Civil Code section 131 and its replacement by the following provision: "At the time of its order declaring the marriage dissolved or void, the court *may, in its discretion* and regardless of whether or not a request therefor was made to the court, restore the maiden name of the wife or the name under which she was married." (Governor's Commission, *supra,* pp. 78, 98; italics added.) To give effect to the Report of the Governor's Commission, Assembly Bill 1420 (Shoemaker) and Senate Bill 826 (Grunsky) were introduced in the Legislature. Neither bill was enacted; the commission's proposals were presented again to the 1968 session (Assem. Bill 230 and Sen. Bill 88). Again, neither bill moved; Assembly Bill 487 (Hayes) was offered as an alternative but it, too, remained in committee. Each of these bills contained provisions on restoration of maiden name identical with that of the Governor's Commission report.[2]

In the 1969 Legislature, Senate Bill 252 (Grunsky) and Assembly Bill 530 (Hayes), dealing with reform of the divorce laws, were proposed in their respective houses. Senate Bill 252 was amended twice in the Senate before being passed; it was thereafter amended three times in the Assembly so as to conform with Assembly Bill 530. At no time during its lengthy progress through the Senate or Assembly did Senate Bill 252 contain any provision regarding restoration of maiden name. Not until

---

[2]Each bill, except Assembly Bill 487, provided for a new Civil Code section 4727 which contained language identical with that in the Governor's Commission report. Assembly Bill 487 provided for new Civil Code section 95 which contained this language.

the Assembly amendments thereto were refused by the Senate and the bill went to conference was there any formulation of a provision regarding maiden name restoration. The report of the Committee on Conference, presented to both houses, contained Amendment 79, from which came Civil Code sections 4520 and 4521. This report, recommending passage of the Family Law Act and proposing amendments thereto, was adopted by both the Senate (3 Sen.J. (1969) 4737, 4747) and the Assembly (4 Assem.J. (1969) 6850, 6860).

Examination of the progress of the provision on restoration of maiden name as it was first proposed by the Governor's Commission in 1966 until it finally resurfaced in the conference report casts doubt on the claim that there was a "careful excision" of the words "in its discretion." There is no discussion of the question in any of the committee reports. It would further seem that if the intent had been to end the judge's discretionary power, Senate Bill 252 would have contained a clause on restoration of name in its originally proposed form or after it had been amended in one of the houses.

■ The substantive changes in California family law resulting from the passage of the Family Law Act were the elimination of fault as grounds for granting or denying a divorce (and for refusing alimony) and the elimination of unequal divisions of community property. (*In re Marriage of McKim* (1972) 6 Cal.3d 673, 678 [100 Cal.Rptr. 140, 493 P.2d 868].) It is possible that the conference report merely picked up the provision when someone noticed that it had been omitted. It is also possible that "in its discretion" was omitted as redundant in view of the presence of the word "may." There is no indication of substantive change in the rule that trial judges possess dicretionary power in granting restoration of the maiden name. ■ We conclude that the trial judge was correct in believing that the request for restoration of appellant's maiden name potentially called for an exercise of discretion.

What is the scope of the trial judge's discretion? ■ Any person may change his name at any time without initiating legal proceedings. (*Emery v. Kipp* (1908) 154 Cal. 83 [97 P. 17]; *Sousa* v. *Freitas* (1970) 10 Cal.App. 3d 660, 667 [89 Cal.Rptr. 485]; *In re Weingand* (1964) 231 Cal.App.2d 289, 294 [41 Cal.Rptr. 778].) Code of Civil Procedure sections 1275-1279 were enacted in affirmation of this common law right and for the purpose of providing for the establishment of a change of name as a matter of public record. (*In re Ross* (1937) 8 Cal.2d 608, 609 [67 P.2d 94, 110 A.L.R. 217]; *In re Useldinger* (1939) 35 Cal.App.2d 723, 726 [96 P.2d 958].) Under this statutory scheme, a person who has applied to a superior court for an order changing his name may obtain an order registering the change if to the court it "may seem right and proper." (Code Civ. Proc., § 1278.) Thus,

the trial judge is given discretion just as he is under Civil Code section 4362 in dissolution proceedings.

However, it has been held that a change of name under the Code of Civil Procedure may be denied *only* when there is a showing of "substantial reason" (*In re Ross, supra,* 8 Cal.2d at p. 610; *In re Trower* (1968) 260 Cal.App.2d 75, 76-77 [66 Cal.Rptr. 873]; *In re McGehee* (1956) 147 Cal. App.2d 25, 26 [304 P.2d 167]) or "peculiar circumstances" (*In re Usel- dinger, supra,* 35 Cal.App.2d at p. 726). In effect the burden of proof rests on the person who would deny the change, not the person seeking the change.

It appears to us that the scope of discretion in the general name-change proceeding may appropriately be applied to the restoration of maiden name in dissolution proceedings. Just as public policy favors judicial granting of a name change for correcting the public record, it should also favor the restoration of maiden name in dissolution proceedings. Application of a stricter standard in marital cases could result in the useless practice of a female's waiting until the dissolution proceedings are over, only to petition for a name change under the hypothetically more liberal provisions of the Code of Civil Procedure. That cannot be what the Legislature intended in its adoption of Civil Code section 4362.

■ Accordingly, the trial judge should grant restoration of the wife's maiden name in the absence of "substantial reason" or "peculiar circum- stances" which would support a denial thereof. (Cf. *In re Weingand, supra,* 231 Cal.App.2d 289.) On the present record it is not possible to say whether restoration of the wife's maiden name might in some cases have a harmful effect on the children of the marriage. But there is no evidence of that in the present case. ■ The court denied restoration of the maiden name on the unamplified ground that there were minor children of the marriage. That circumstance was not enough to support denial of the request.

The judgment granting dissolution is modified to restore appellant's maiden name; as so modified the judgment is affirmed.

Rattigan, Acting P. J., and Emerson, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.