[Civ. No. 26439. Fourth Dist., Div. One. Dec. 8, 1982.]

Estate of HAROLD JAMES HUDSON, Deceased.
FUJIKO HUDSON, Petitioner and Respondent, v.
DELLA COONE, Contestant and Appellant.

COUNSEL

Marsh, Graves, Fischbeck & Welch and Edw. E. Marsh, Jr., for Contestant and Appellant.

Rowe & McEwen, Steven P. Haskett, Williamson, Campbell & Noone and John P. Williamson for Petitioner and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Della Coone, contestant of the will of Harold Hudson, appeals a judgment admitting the will to probate under Probate Code section 26.[1]

Harold Hudson, a resident and domiciliary of San Diego County, made a will in 1977 while in Japan. The will, in the Japanese language and made with the assistance of a Japanese attorney, is stipulated to be valid in conformity with Japanese law. The sole beneficiary of the will is Fujiko Hudson, widow of the decedent. In addition to his widow, Hudson is survived by contestant Coone, his mother.

When Hudson died in 1980, his will was offered for probate in California because he owned real and personal property located in San Diego County. Coone contested the will, alleging invalid execution under California law. She seeks a declaration of intestacy, under which she would receive one-half of decedent's assets. The superior court admitted the will to probate under Probate Code section 26.

■ Section 26 recognizes a will made outside of California is valid if it is "executed according to the laws of the state in which it was executed." Because the stipulation says the will conforms with Japanese law, the only issue is whether the word "state" as used in section 26 embraces foreign nations as well as other states of the United States.

Before 1972, if a will was made outside of California and did not conform to the execution requirements of the California Probate Code, section 26 recognized it as valid only if it was "valid under the laws of a state or country in which the testator is domiciled at the time of his death . . . so far as the same relates to personal property." In 1972, section 26 was amended in order to liberalize California's acceptance of wills made outside the state. The new version of section 26 recognizes as valid wills executed according to (1) the provisions of the California Probate Code, (2) the laws of the state in which it was executed or (3) the laws of the decedent's domicile at the time of death or on the date of the execution of the will.

---

[1]All statutory references are to the Probate Code unless otherwise specified.

When section 26 was rewritten in 1972, express reference to wills executed in foreign countries was omitted. Coone contends this change shows the intent of the Legislature to take wills executed in foreign nations outside the scope of section 26. This argument might be persuasive if the abandonment of the express reference to wills made in foreign countries had been the only change made by the 1972 amendment. That, however, is not the case. The 1972 amendment is a complete revision of section 26 which greatly increases the type and number of foreign wills allowed into probate in California, e.g., a testator no longer need to have been domiciled in a foreign state for his will, validly executed there, to be admitted in California. Coone would have us construe the 1972 amendment to exclude wills which were valid under the pre-1972 version of section 26 while the purpose of the amendment was to liberalize acceptance of foreign wills. Such a construction would violate the spirit of the amendment.

The most logical explanation for the amendment not expressly referring to wills made in foreign countries is that such a reference is surplusage. Such an explanation is consistent with the common usage of the word "state" to include foreign nations. (See Black's Law Dict. (5th ed. 1979) p. 1262, col. 1; *Estate of Burnison* (1949) 33 Cal.2d 638, 641 [204 P.2d 330]; *State* v. *Mitchell* (1967) 155 Conn. 265 [231 A.2d 539, 542].) This result is also supported by *In re Marriage of Banks* (1974) 42 Cal.App.3d 631 [117 Cal.Rptr. 37], which holds the elimination by amendment of statutory language can be explained as the abandonment of surplusage; we need not presume such an abandonment manifests an intention to make a change in the substantive law. This is particularly true where to construe the change as anything but the elimination of surplusage is to violate the overall purpose of the amendment.

Coone contends sections 360 to 362 will become unnecessary and surplus provisions if we interpret section 26 to cover wills made in foreign countries; she argues section 26 would be dispositive of all situations involving wills made in other countries and sections 360 to 362 would never be applied. This argument is without merit. Under sections 360 to 362, a will which has been admitted to probate or otherwise proven in a foreign country is allowed into probate in California without further showing; no contest of the will as invalid due to execution defects, fraud, undue influence and the like is allowed. Under section 26, however, the will at issue has not necessarily been established in any foreign proceeding and contests of its validity are allowed. The purpose of sections 360 to 362 is to create a conclusive presumption of validity as to wills proven in foreign proceedings; this purpose is in no way undermined by interpreting section 26 as covering wills made in foreign countries.

Where the Legislature has intended to limit the definition of the word "state" to other states within the United States it has done so expressly (see Pen. Code, § 1548; Civ. Code, § 241; Rev. & Tax. Code, § 14195.1). No such limitation

appears in the Probate Code. Were we to find such a limitation is implicit, we would create a situation where a California resident traveling or living abroad would be unable to make a will which would be recognized in California without adhering to the strict execution requirements of the California Probate Code. That situation is precisely what the Legislature sought to avoid by the 1972 amendment of section 26. The legislative intent behind that amendment is best effectuated by construing the word "state" as it is used in section 26 to embrace foreign nations or countries as well as other states of the United States.

Order affirmed.

Staniforth, J., and Work, J., concurred.