## Application of FOGAPAPA MAMEA for Change of Name

High Court of American Samoa
Trial Division

CA No. 95-92

June 14, 1993

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Petitioner, Togiola T.A. Tulafono and Roger K. Hazell

Order Requiring Notice and Further Hearing:

Fogapapa Mamea's petition for an order changing his name from Fagapapa Mamea to Tua Tauamo came regularly on June 7, 1993, for hearing.

The common law recognizes the right to change one's name, and in the absence of statutory abrogation of that right, courts should

encourage petitions to make a public record of these changes. Courts abuse their discretion in denying such petitions without any substantial reason. *In re Useldinger*, 96 P.2d 958 (Cal. 1939).

Petitioner was the sole witness in this case and did not state any reason clearly justifying denial of his petition. However, the court has reservations about immediately granting the petition without further evidence. Petitioner, a Western Samoa citizen, is age 58, is married, and has nine children, four of whom were born in American Samoa and are still minors. His birth certificate, marriage certificate, and his minor children's birth certificates indicate that Mamea is his wife's and minor children's surname. His principal reason for wanting to change his name is to accommodate the name by which he apparently uses within his extended family in Alao, American Samoa and the name of the matai whom he serves. However, he did not satisfactorily address the potential complications the change may pose, after all these years, in his and his immediate family's future dealings.

At the very least, an affirmative record should be made to show that the wife and minor children, and probably the matai as well, have been notified of this proceeding and are in agreement with the objective, or at least have had reasonable opportunity to present any opposition to the name change. This extra effort will also provide the basis for making any order changing his name a record of other persons whose names are affected by the change.

The court notes that petitioner's counsel has taken the advisable precautionary step of publishing notice of this proceeding in a newspaper of general circulation in the Territory. This action at least provides some notice to possible creditors and others who may be negatively affected by a name change and is a common statutory requirement in other jurisdictions. However, it is not an adequate substitute for personal notice to readily identifiable persons, such as his immediate family, who may be impacted by the name change.

The court also notes the lack of any statutory direction for change-of-name proceedings and suggests that the Legislature should enact appropriate guidelines for their conduct.

Petitioner will be required to personally serve his wife, minor children, and matai with copies of his petition and the notice of a further hearing to afford them an opportunity to respond and make their wishes in this proceeding known to the court.

It is so ordered.