[No. B103045. Second Dist., Div. One. Jan. 21, 1997.]

CHARLES CHENG-WEN LIN et al., Plaintiffs and Appellants, v.
MEDICAL BOARD OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Carl W. Greifzu for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Richard D. Marino and Karen Chappelle, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**ORTEGA, Acting P. J.**—This case involves two licensed physicians, a husband and wife, who were fined $250 each for practicing medicine while

using names other than those under which they were licensed, for nonfraudulent reasons. We affirm the judgment denying their petition for administrative writ of mandate (Code Civ. Proc., § 1094.5).

FACTS

The physicians received their California medical licenses in 1981 under the names Cheng-Wen Lin, M.D., and Tein Lin, M.D. (hereinafter sometimes referred to as their "licensed names"). Their licensed names were the same as those under which they had received Drug Enforcement Agency controlled substances registration certificates.

For nonfraudulent reasons, the physicians thereafter changed their names through general usage without court order. They called themselves, respectively, Charles Cheng-Wen Lin, M.D., or Charles C. Lin, M.D., and Cecilia Tein Lin, M.D., or Cecilia T. Lin, M.D. They did not, however, notify the Medical Board of California of their new names, which were not their licensed names. They used their new names on their professional letterhead, advertisements, and prescriptions.

The Medical Practice Act (Bus. & Prof. Code, § 2000 et seq.)[1] provides that licensed physicians who later change their names may obtain duplicate licenses bearing their new names from the board's division of licensing. (§ 2432.) Title 16 of the California Code of Regulations, which applies to physicians and surgeons, requires such persons to submit name change applications to the board's licensing division: ". . . Any licensee whose name has been changed by court order or dissolution of marriage . . . shall attach a certified copy of the court record ordering the name change. At the time the change of name is requested, the original certificate of the licensee shall be returned to the office of the division so that an endorsement of the name change may be made on the division's records and a duplicate certificate issued. A photograph of the licensee taken within sixty (60) days must accompany the application and be affixed to the affidavit form provided by the division." (Cal. Code Regs., tit. 16, § 1332.)

Charles Cheng-Wen Lin learned of the name change regulation when he inquired of the board "many years ago" concerning the procedure "to change the name" on his medical license. He failed, however, to comply with the regulation at that time.

In April 1994, it came to the board's attention that a Charles Lin and a Cecilia Lin were practicing medicine, and there was no record of licenses

---

[1]All further statutory references are to the Business and Professions Code.

having been issued under those names. The board's investigator, Marc Posalski, looked into the matter and discovered the Lins had been licensed as Cheng-Wen Lin and Tein Lin. At the time, Posalski told Charles Cheng-Wen Lin that he and his wife were "required to get a 'doing business as' approval,"[2] and "to apply with the Medical Board to get their name[s] changed." Six months later, on October 14, 1994, the Lins wrote to the board and asked for "application form[s] of DBA[.]"

Because the Lins did not comply with the name change regulation, the board cited them on November 29, 1994, for violating section 2272. That section provides: "Any advertising of the practice of medicine in which the licensee fails to use his or her own name or approved fictitious name constitutes unprofessional conduct."

The Lins filed an administrative appeal. They also obtained a court order changing their names to Charles C. Lin and Cecilia Tein Lin, and filed the necessary name change applications with the board's division of licensing. As a result, the Lins were in compliance with the name change regulation by the time of the administrative hearing.

The board, however, continued to oppose the Lins' administrative appeal regarding the citation.[3] The administrative hearing was largely based on stipulated facts. It was undisputed that the Lins had practiced medicine using names other than their licensed names, without fraudulent intent. The disputed legal issue was whether section 2272 was violated in this case.

On its face, section 2272 does not expressly require physicians to practice medicine using their licensed names. It simply requires physicians to use their "own" names in any advertising of the practice of medicine. This, the Lins argued, they had done. They claimed Charles C. Lin and Cecilia T. Lin were their "own" names, which they had adopted through general nonfraudulent usage as permitted under California law without the necessity of legal proceedings. (*In re Ross* (1937) 8 Cal.2d 608, 609 [67 P.2d 94, 110 A.L.R. 217]; *Lee* v. *Superior Court* (1992) 9 Cal.App.4th 510, 514 [11 Cal.Rptr.2d 763].)

---

[2]This was erroneous advice. The Lins did not need a fictitious name permit because they were practicing under their own surname and not a "fictitious" business name. (Cal. Code Regs., tit. 16, § 1344, subd. (a); see *Asdourian* v. *Araj* (1985) 38 Cal.3d 276, 289, fn. 8 [211 Cal.Rptr. 703, 696 P.2d 95].) The advice to get board approval to change their names was, however, correct.

[3]Posalski testified that had the Lins complied with the name change requirement "right away," the "proceeding [would] have been dropped[.]"

The administrative law judge denied the Lins' appeal, and fined them each $250 for violating section 2272. The Lins petitioned for writ of mandamus in the superior court, which was denied. They now appeal from the judgment denying that petition.

## DISCUSSION

█ Preliminarily, we note that because the facts are undisputed, we need not decide whether to apply the substantial evidence or independent review standard on appeal. The issue, both below and on appeal, is a legal one: Does section 2272's requirement to use one's "own" name require the use of the name under which the physician was licensed? We conclude it must. Any other holding would render the statutory licensing scheme unenforceable.

The Lins are correct that California law entitled them to change their names through general nonfraudulent usage without a court order. California law, however, did not entitle them to practice medicine under their changed names without notifying the board. Someone looking for the name Charles C. Lin, for example, would not necessarily know he was licensed as Cheng-Wen Lin.

The Medical Practice Act requires doctors to be licensed under their own names. (See, e.g., §§ 580, 2288, 2289, which prohibit the sale or barter of a medical degree which is required for licensure, the impersonation of any applicant for a medical license, and the impersonation of another licensed practitioner.) By reasonable inference, doctors must practice under their "own" or licensed names absent board authorization to do otherwise.

By practicing under their new names without notifying the board, the Lins obscured their licensed identities and, in some respects, placed themselves beyond the board's regulatory system. The Legislature mandated the board to create a readily available bank of information accessible by the name of each licensed physician.[4] In accord with that mandate, the board's name

---

[4]Section 800 requires the board to "maintain a central file of the names of all persons who hold a license . . . . Each central file shall be created and maintained to provide an individual historical record for each licensee with respect to (1) any conviction of a crime in this or any other state which constitutes unprofessional conduct pursuant to the reporting requirements of Section 803; (2) any judgment or settlement requiring the licensee or his or her insurer, to pay any amount of damages in excess of three thousand dollars ($3,000) for any claim that injury or death was proximately caused by the licensee's negligence, error or omission in practice, or by rendering unauthorized professional services, pursuant to the reporting requirements of Section 801 or 802; (3) any public complaints for which provision is hereinafter made,

change regulation requires doctors to apply for duplicate certificates under their new names (Cal. Code Regs., tit. 16, § 1332). By ignoring that regulation when they changed their names, the Lins rendered the information maintained in the board's information bank inaccessible to those who were unaware of their licensed names.

The Lins violated section 2272 even though they were using names which they had adopted through nonfraudulent usage. When considered in the context of the physician licensing scheme, the physician information bank, and the name change regulation, it is plain that the physician's "own" name must mean the physician's licensed name. Although other statutes are more clearly written (see, e.g., § 1227 which requires licensed clinical laboratory technicians to report name changes to the State Department of Health Services within 30 days, and § 1654 which requires licensed dentists to report name changes within 10 days), section 2272 is not unclear when read in its proper context. Because it is undisputed that the Lins had advertised under names other than their licensed names, they were properly cited under section 2272.

"[U]nprofessional conduct" includes "[v]iolating or attempting to violate, directly or indirectly, or assisting in or abetting the violation of, or conspiring to violate, any provision of [the Medical Practice Act]." (§ 2234, subd. (a).) By its terms, a violation of section 2272 "constitutes unprofessional conduct." (§ 2272.) It is no defense that the Lins' conduct was not intentionally fraudulent.

Section 2234 provides that "The Division of Medical Quality shall take action against any licensee who is charged with unprofessional conduct. . . ." A licensee "who is found guilty may, . . . [h]ave any other action taken in relation to discipline as . . . an administrative law judge may deem proper." (§ 2227, subd. (a)(5).) The two $250 fines imposed in this case were reasonable. By his own admission, Charles Cheng-Wen Lin had known for many years of the board's name change notification requirement. The Lins ignored this requirement for many years. It was not until investigator Posalski reminded them "to apply with the Medical Board to get their name[s] changed[,]" and they were cited under section 2272 that they complied with the regulation.

On this record, it was not an abuse of discretion to deny the petition.

pursuant to subdivision (b) of this section; (4) disciplinary information reported pursuant to Section 805." (§ 800, subd. (a).)

## DISPOSITION

The judgment is affirmed.

Vogel (Miriam A.), J., and Masterson, J., concurred.