Filed 2/10/15  Shelly v. Superior Court CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| DANIEL PATRICK SHELLEY, | D065580 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00076212-CU-PT-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa Schall, Judge.  Reversed and remanded with directions.

John Michael Viola for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

### BACKGROUND

On November 19, 2013, Daniel Patrick Shelley petitioned the superior court to change his name to "Daniel Hector MacKinnon," asserting his great-great-grandfather was named Hector MacKinnon and he likes that name more than his own.  The superior court set a hearing for January 10, 2014, directing all persons objecting to the name

change to file written objections and appear on that date. On the day set for the hearing, the court did not conduct a hearing, but issued a minute order denying Shelley's petition, stating the court "is not at liberty to disclose the reasons for the denial. The Court advises petitioner that he may wish to speak to an attorney." No written objections appear in the record. Shelley appeals, contending the court abused its discretion by denying his petition without stating its reasons. We agree.

DISCUSSION

The standard governing our review of a court's denial of a name change petition is abuse of discretion. (*In re Ross* (1937) 8 Cal.2d 608, 610 [concluding the court abused its discretion in denying petition for name change because there was no substantial reason for the denial].)

The court is not required to approve every petition for name change that comes before it. (See *Lee v. Superior Court* (1992) 9 Cal.App.4th 510, 515 [noting a court may properly deny petition if name was adopted to defraud, intentionally confuse, intrude into someone's privacy, or violate recognized public policy, and noting denial was proper where proposed name was a racial epithet, which has no First Amendment protection]; *In re Ritchie* (1984) 159 Cal.App.3d 1070, 1072 [noting denial was proper because proposed name ("III") was confusing and not a legitimate name].)

But the court's discretion "must be exercised within the confines of the applicable legal principles." (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) Judicial discretion "is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the

2

subject of its action, and to reversal on appeal where no reasonable basis for the action is shown." (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 364, p. 420.) "The legal principles that govern the subject of discretionary action vary greatly with context. [Citation.] They are derived from the common law or statutes under which discretion is conferred." (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297-1298.) The reviewing court must consider the legal principles and policies that should have guided the trial court's actions to determine if it abused its discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Code of Civil Procedure[1] section 1275 et seq. sets forth the procedure to petition a name change: "The petition or pleading shall specify the place of birth and residence of the person, his or her present name, the name proposed, and the reason for the change of name." (§ 1276, subd. (a).) California's statutory procedures for recording a name change do not abrogate the common law right to change one's name. (§ 1279.5, subd. (a); *In re Ross*, *supra*, 8 Cal.2d at p. 610 [noting the statutory procedure for a name change exists merely to provide a legal record].)

With limited statutory exceptions that do not appear in the record before us, filing a legal name change should be readily granted. (See *In re Useldinger* (1939) 35 Cal.App.2d 723,727.) Exceptions to the right to a name change apply to persons under the jurisdiction of the director of corrections and rehabilitation and persons required to register as sex offenders under Penal Code section 290. (§ 1279.5, subds. (c) & (d).)

---

[1]    Statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

Though a legal record of the name change is not required for a person to change his or her name, at common law, "the courts should encourage rather than discourage the filing of petitions for change of name [citation] to the end that such changes may be a matter of public record." (*In re Useldinger*, *supra*, 35 Cal.App.2d at p. 727 [reversing denial of petition to change name because opposition was not substantial and there was no showing of fraud, an invasion of any legal rights, or any elements of unfair competition].) "In effect the burden of proof rests on the person who would deny the change, not the person seeking the change." (*In re Marriage of Banks* (1974) 42 Cal.App.3d 631, 638.)

The record does not indicate anyone opposed Shelley's petition for a name change. Moreover, the record shows Shelley requested the name change because it was used by a family member and he liked it more than his own. Thus, Shelley appears to have met the statutory requirements under section 1275 et seq. Nothing in the record indicates Shelley's petition implicated fraud, invasion of any legal rights, unfair competition, or violated public policy. (See *In re Useldinger*, *supra*, 35 Cal.App.2d at p. 727.) In the minute order, the court acknowledged it was declining to provide a reason for denying the petition. On this record, the court's denial is inconsistent with the common law right to change one's name. We conclude the court abused its discretion by denying Shelley's petition without stating any reason for doing so. (See *In Re Ross*, *supra*, 8 Cal.2d at p. 610.) The court's action was arbitrary and capricious. We therefore reverse the order.

4

DISPOSITION

The order denying Daniel Patrick Shelley's petition is reversed. The superior court is directed on remand to prepare an order either granting the petition or denying it and stating the reasons for its denial.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.