[No. C003534. Third Dist. Aug. 29, 1988.]

LUIS CABRERA, Plaintiff and Appellant, v.
KAZUE ANNAMARIE McMULLEN, Defendant and Respondent.

COUNSEL

Todd McFarren for Plaintiff and Appellant.

Jack W. Thornton for Defendant and Respondent.

OPINION

**CARR, J.**—In this action we are asked to hold that filing suit for damages on a bona fide cause of action but under an assumed name subjects the plaintiff to dismissal on summary judgment. We decline to so rule.

Luis Cabrera, who filed suit as Bonfilio Cabrera, appeals from a judgment of dismissal entered against him after the trial court granted summary judgment in favor of defendant Kazue Annamarie McMullen.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Christened "Luis" Cabrera in Mexico, plaintiff used the name of his brother "Bonfilio" in order to work in the United States as a farm laborer.[2] "Bonfilio," plaintiff's brother, lives in Mexico.

On October 16, 1986, plaintiff filed suit against defendant for damages for personal injuries allegedy resulting from a motor vehicle accident on October 25, 1985. Plaintiff sued under the name by which he was known at work, Bonfilio Cabrera. The accident in question arose out of and in the course of plaintiff's employment and State Compensation Insurance Fund filed in the action a lien claim for medical expenses and disability payments made pursuant to the Worker's Compensation Act to Bonfilio Cabrera. Defendant answered and discovery ensued. At his deposition, plaintiff disclosed that his true christened name was "Luis" and that he had taken his brother Bonfilio's name as his own for purposes of working in the United States.

Defendant moved for summary judgment asserting that the plaintiff named in the complaint was the brother "Bonfilio" who resides in Mexico. No dispute existed that the brother Bonfilio in Mexico had no claim against defendant and defendant sought summary judgment on this sole ground.

In opposition, plaintiff's counsel submitted a declaration that plaintiff had taken his brother's name as an alias in order to work in the United States. There was no dispute. As conceded by defendant at oral argument, the person who filed the lawsuit was the person who had incurred injuries in the accident. No one was misled that a "ringer" plaintiff was being presented. Despite this, the trial court granted summary judgment. From this judgment, plaintiff timely appeals. We conclude that *Emery* v. *Kipp* (1908) 154 Cal. 83, 84 [97 P. 17], remains the law of California and shall reverse.

## DISCUSSION

■ Under California law, a person may change his or her name at any time without any legal formalities. (See, e.g., *In re Ritchie* (1984) 159

---

[1] In his brief, Cabrera also challenges the trial court's denial of his motion to amend the complaint. Cabrera made two motions to amend to change the name under which he sued from "Bonfilio" to "Luis." The first, made ex parte, was "taken off calendar without prejudice" at the time the trial court granted summary judgment. The trial court denied his second motion "because Summary Judgment has been issued." Cabrera's brief on appeal does not specify from which order he appeals.

In view of our disposition herein, it is unnecessary for us to determine this issue.

[2] Apparently, plaintiff did not have the necessary documentation to work in the United States but his brother Bonfilio did possess such papers.

Cal.App.3d 1070, 1072, 1074 [206 Cal.Rptr. 239].) More importantly, a person may sue or be sued in any name in which he or she is known and recognized. (*Emery* v. *Kipp, supra,* 154 Cal. 83, 86.) ▮ The record here discloses no dispute that plaintiff adopted "Bonfilio" as his alias. ▮ ▮ ▮ ▮ ▮ No law prevents a person from adopting a sibling's name as his or her own.[3] Accordingly, under long-standing law, plaintiff had the right to sue under his assumed name.

Plaintiff's complaint provided ample notice of who alleged the cause of action. It described the date and place of the accident. Plaintiff used the name by which he was known at work. Plaintiff dutifully responded to all discovery requests addressed to him in his "alias." At no point in any of these proceedings could defendant have reasonably believed that the named plaintiff, whether suing under his christened name, his alias or his nickname was not the party she allegedly injured.

Defendant sought summary judgment solely because plaintiff sued under his brother's christened name. No dispute exists that *a* Bonfilio Cabrera, brother to plaintiff, lives in Mexico. Defendant, however, made no showing to rebut the declaration of plaintiff's counsel that plaintiff was *also* known as "Bonfilio" Cabrera, at least in his work. The record thus demonstrates no dispute that plaintiff had adopted and was known by a new name. Under this name he was entitled to sue.

Respondent proffers no other basis for summary judgment. None appears on this meager record. Accordingly, the trial court improvidently granted defendant summary judgment.

We reverse the trial court's judgment of dismissal.

Blease, Acting P. J., and Marler, J., concurred.

---

[3] If a person institutes proceedings to change his or her name formally, the trial court may deny such an application if the circumstances indicate fraud, intentional confusion, or unnecessary intrusion into someone's privacy. (*In re Ritchie, supra,* 159 Cal.App.3d at p. 1072.) In some circumstances, attempted adoption of a sibling's name might constitute grounds for denial of formal recognition of the duplicated name. But this limitation on a trial court's discretion to *formalize* a name change in no way prohibits people from otherwise calling themselves whatever they will informally. (*Id.,* at p. 1074.) This case presents such an informal change.