Filed 3/5/14  Team Akimoto Racing v. Pilot Automotive CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TEAM AKIMOTO RACING, INC., | B246547 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC473703) |
| v. | |
| PILOT AUTOMOTIVE, INC., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County,

William F. Fahey, Judge.  Affirmed.

Law Office of Lawrence P. House and Lawrence P. House for Defendant and

Appellant.

Law Offices of Gerald K. Kitano, Gerald K. Kitano and Michael M. Hirotsu for

Plaintiff and Respondent.

The trial court entered judgment in favor of Team Akimoto Racing, Inc. (TAR) and against Pilot Automotive, Inc. (Pilot) in the amount of $169,019.21 pursuant to the parties' contract. On appeal, Pilot argues that the trial court erred in concluding that the contract had not been rescinded. We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 1998, TAR's predecessor entered into an agreement to license its intellectual property to Avanche Corporation (Agreement).[1] Pursuant to the Agreement, Avanche was to pay monthly fees to TAR for at least 40 years. The Agreement further provided that "[t]he rights or obligations of either party under this Agreement may not be assigned in whole or in part by operation of law or otherwise without the prior express written consent of the other party . . . . "

On February 1, 2008, Avanche assigned its rights and duties under the Agreement to Pilot (Assignment).[2] TAR consented to the Assignment in a contract signed by TAR, Avanche and Pilot which provided that "[t]his Agreement, the License

---

[1]     R.S. Akimoto Co., Ltd. signed the Agreement and later changed its name to TAR.

[2]     Such assignment provides, in pertinent part, the following: "(1) Assignor hereby transfers, conveys and assigns unto Assignee all of Assignor's right, title and interest in and to the License. Assignee hereby accepts such assignment and assumes all of Assignor's duties, covenants and obligations under the License to the same extent and with the same force and effect as if Assignee had executed the License and had been the original Licensee thereunder. . . . [¶] . . . (2)(g) Assignee assumes and agrees to be bound by and perform and comply with, for the benefit of Licensor, each obligation of Assignor under the License. . . . "

2

and Assignment contain the entire agreement of the parties and cannot be altered without a writing signed by all parties."[3]

### 1. *The Parties' First Action*

Pilot refused to make the required payments under the Agreement on the grounds that the intellectual property it received under the Assignment was without value. On December 30, 2009, TAR filed a complaint for breach of the Agreement and Assignment against Avanche and Pilot alleging that these defendants had failed to pay the promised monthly fees (2009 Action). The parties settled and the action was dismissed.

### 2. *The Parties' Second Action*

On August 24, 2010, Pilot filed an action for declaratory relief against TAR, Avanche, and others seeking rescission of the Assignment on the grounds that Pilot had only obtained "worthless technology" under the contract (2010 Action). TAR demurred to the complaint, arguing that Pilot had failed to file a compulsory cross-complaint for rescission in the 2009 Action, and had therefore waived this claim. The court sustained TAR's demurrer without leave to amend and dismissed TAR. Pilot and Avanche thereafter stipulated that the Assignment was rescinded. The trial court entered an order "find[ing], adjudg[ing] and decree[ing]" the uncontested facts as stipulated to by the parties, and dismissed the action (Stipulated Judgment).

---

[3] The terms of this contract made Pilot an obligor of TAR under the Agreement, and Pilot does not make any significant argument disputing this.

3.      *The Parties' Third Action*

On November 21, 2011, TAR filed the underlying complaint against Pilot for failure to pay amounts due under the Agreement.  Pilot demurred and argued that the Assignment had been rescinded pursuant to the Stipulated Judgment.  The court overruled the demurrer on the grounds that "[TAR] was not a party to the stipulated judgment, nor is in privity with any party.  Collateral Estoppel is not a basis here to allow a demurrer to be sustained."

Pilot then filed a cross-complaint against TAR and others seeking a declaration that the Stipulated Judgment rescinded the Assignment.  TAR demurred to the cross-complaint and argued, as it did in the 2010 Action, that Pilot should have sought rescission of the Assignment as a compulsory cross-claim in the 2009 Action.  The court once again agreed and sustained the demurrer to the cross-complaint without leave to amend.  On October 22 and 23, 2012, trial was held on TAR's breach of contract claim.  The trial court entered judgment in favor of TAR in the sum of $169,019.21.  Pilot timely appealed.

### CONTENTIONS

Pilot contends that TAR lacked standing to sue on the Agreement because a different entity, R.S. Akimoto Co., Ltd., signed the contract.  Pilot further contends that the trial court erred in entering judgment in favor of TAR because the Stipulated

4

Judgment rescinded the Assignment, and TAR was collaterally estopped from challenging the rescission.[4]

## *DISCUSSION*

1. *Standard of Review*

Whether collateral estoppel applies is a question of law which we review de novo. (*Jenkins v. County of Riverside* (2006) 38 Cal.App.4th 593, 618.) Furthermore, "we may affirm a trial court judgment on any basis presented by the record whether or not relied upon by the trial court. [Citation.]" (*Day v. Alta Bates Medical Center* (2002) 98 Cal.App.4th 243, 252, fn. 1.)

2. *TAR Had Standing to Sue On the Agreement*

Pilot contends that TAR lacked standing to sue on the Agreement because a different entity, "R.S. Akimoto Co., Ltd.," signed the Agreement. Code of Civil Procedure section 367 provides that "[e]very action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." "The question for purposes of standing is not the name used by the party suing but whether the party suing is the party possessing the right sued upon." (*Doe v. Lincoln Unified School Dist.* (2010) 188 Cal.App.4th 758, 765.) "[A] person may sue or be sued in any name in which he or she is known and recognized." (*Cabrera v. McMullen* (1988) 204 Cal.App.3d 1, 4.) Here, the record shows that R.S. Akimoto Co., Ltd. changed its

---

[4] Pilot also argues that although the Assignment was signed by Sada Akimoto on behalf of Tadashi Akimoto, TAR never produced a writing authorizing Sada to sign on Tadashi's behalf. Pilot's failure to raise this argument in the trial court means it has forfeited the argument here. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226.)

5

name to TAR after the Agreement was entered into. Furthermore, there was undisputed testimony by TAR's secretary at trial that the two names were used interchangeably to refer to the same company. Accordingly, TAR was the real party in interest here and could sue on the Agreement.[5]

3. *The Trial Court Did Not Err in Concluding That The Assignment Had Not Been Rescinded*

Pilot contends that TAR is bound by the Stipulated Judgment signed by Pilot and Avanche in the 2010 Action. However, by the time of the 2010 Action, Pilot had already waived its claim for rescission by failing to assert it in the 2009 Action. "[I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which . . . he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (Code of Civ. Proc., § 426.30, subd. (a).)

Pilot does not dispute, nor could it, that its rescission claim was a compulsory cross-claim to the 2009 Action, but only argues that the subsequent Stipulated Judgment was effective at rescinding the Assignment and collaterally estopped TAR from contesting the issue. Even if Pilot had not waived its claim for rescission in the 2009 Action, the Stipulated Judgment in the 2010 Action still had no effect as against TAR.

---

[5]     Pilot also argues that "Team Akimoto Racing" is improperly referring to itself as "Team Akimoto Racing, *Inc.*" when it has not registered such an entity with the California Secretary of State. This argument does not demonstrate that the plaintiff here lacks standing (i.e., that the party suing is a different entity than the one that entered into the Agreement). Pilot has not raised any reasonable argument that TAR was not, in fact, the successor in interest to R.S. Akimoto, Ltd.

6

"The doctrine [of collateral estoppel], which precludes relitigation of issues argued and decided in prior proceedings, may only be applied if several threshold requirements are fulfilled. [Citation.] 'First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]' [Citation.] The burden of establishing these requirements rests with the party asserting the doctrine." (*County of Los Angeles v. Superior Court* (2000) 82 Cal.App.4th 819, 829.)

The parties' dispute centers on whether TAR was a party to the 2010 Action such that it may be collaterally estopped by the Stipulated Judgment. Pilot insists that TAR was a party to the 2010 Action at the outset of the case, however, the relevant inquiry is whether TAR was a party when the Stipulated Judgment was entered. In fact, TAR had been dismissed from the case before Pilot entered into a stipulation with Avanche and the court signed off on that stipulation. "The effect of the dismissal as to [a] defendant [] [is] to prevent any subsequent proceedings in the cause as to him. He [is] thereafter a stranger to the action." (*Coburg Oil Co. v. Russell* (1950) 100 Cal.App.2d 200, 204.)

Accordingly, the Stipulated Judgment did not collaterally estop TAR's later claims because, when the stipulation was entered, TAR was no longer a party to the action.[6]

## DISPOSITION

The judgment is affirmed. TAR shall recover its costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.

---

[6] In the alternative, Pilot contends that TAR's consent to the rescission of the Assignment was unnecessary because the only parties to the Assignment were Pilot and Avanche. Again, Pilot failed to raise this argument in the trial court below and has therefore forfeited it. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc., supra,* 136 Cal.App.4th at p. 226.) In addition, Pilot entered into a contract with Avanche *and* TAR whereby it agreed that "[t]his Agreement, the License and Assignment contain the *entire agreement* of the parties . . . . " (Emphasis added.) Accordingly, contrary to Pilot's claim, the Assignment was incorporated into a contract to which TAR was also a party.

8