[L. A. No. 7293. In Bank.—December 14, 1922.]

## LEORA FORMAN HURT, Appellant, v. WALTER A. HAERING, Respondent.

[1] DIVORCE—COMPLAINT—VERIFICATION — FILING — LAPSE OF TIME—EFFECT OF.—A complaint in an action for divorce which alleges that the plaintiff has been a resident of the state for one year and county for three months immediately preceding the commencement of the action states the essential jurisdictional facts, although verified seventy-seven days before filing, and reference to such complaint is sufficient in an affidavit for publication of the summons, since the pleading speaks from the date of its filing.

[2] ID.—PUBLICATION OF SUMMONS—EXISTENCE OF CAUSE OF ACTION —ALLEGATION OF JURISDICTION.—The allegation of jurisdiction in a complaint for divorce, while essential to the maintenance of the action in the particular county in which it is instituted, is not an essential part of the cause of action within the meaning of section 412 of the Code of Civil Procedure providing for the ser-

vice of summons by publication and declaring that it must appear either in the affidavit for the publication or by the verified complaint on file that a cause of action exists against the defendant.

[3] ID.—PLEADING—NAME OF DEFENDANT.—In an action for divorce it is proper to sue the husband by the name that he has always been known to the plaintiff and others, notwithstanding the statement of a different name in the marriage license.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

Chas. H. Adkins and E. C. Bowen for Appellant.

Lucien Gray for Respondent.

WILBUR, J.—This is an action for breach of promise of marriage. Defendant claims that the plaintiff is a married woman, and bases that claim upon the invalidity of a divorce decree obtained by the plaintiff from her husband. The court held the divorce decree invalid and instructed the jury to bring in a verdict for the defendant. The claim that the divorce decree was void was based upon the fact that no jurisdiction was acquired over the defendant by the publication of the summons, for the reason that there was no statement of a cause of action in the affidavit for the publication of the summons, except by reference to a verified complaint. The complaint states a cause of action, but was verified October 28, 1915, and was not filed until January 13, 1916, seventy-seven days later. An essential allegation in a complaint for divorce is that of residence, that the plaintiff has been a resident of the state for one year and county for three months immediately preceding the commencement of the action. Such an allegation was contained in the complaint in question, but, in view of the fact that more than two months elapsed after the time of verification and before the filing of the complaint, it is claimed that the complaint cannot be considered a verified complaint within the meaning of section 412 of the Code of Civil Procedure, which provided that it must appear either in the affidavit for publication or " . . . by the verified complaint on file, that a cause of action exists against

the defendant in respect to whom the service is to be made. . . . ''

[1] The respondent's argument is that the allegation of residence is an essential allegation (*Flynn* v. *Flynn,* 171 Cal. 746 [154 Pac. 837]), and that the verification of the complaint in the divorce action cannot properly be deemed a verification of the essential fact of residence during the three months immediately preceding the action and that to that extent the complaint is not verified. As the complaint speaks from the date of its filing, the complaint in the divorce action states a cause of action and the essential jurisdictional facts (*Ronnow* v. *Delmue,* 23 Nev. 29, 32 [41 Pac. 1074]). It is also clear that the complaint in the action is a verified complaint and shows that the plaintiff therein had a cause of action for divorce against the defendant. [2] The allegation of jurisdiction, while essential to the maintenance of the action in the particular county in which it was instituted, is not an essential part of the cause of action within the meaning of section 412, Code of Civil Procedure. ''A cause of action, as Professor Pomeroy points out with his usual lucidity (Remedies and Remedial Rights, secs. 452 et seq.), arises out of an antecedent primary right and corresponding duty and a delict or breach of such primary right and duty by the person on whom the duty rests. 'Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term and as it is used in the codes of the several states.' '' (*McKee* v. *Dodd,* 152 Cal. 637, 641 [125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780, 93 Pac. 854]. See, also, *Frost* v. *Witter,* 132 Cal. 421, 425 [84 Am. St. Rep. 53, 64 Pac. 705]; *Lemon* v. *Hubbard,* 10 Cal. App. 471 [102 Pac. 554]; *Hutchinson* v. *Ainsworth,* 73 Cal. 452, 455 [2 Am. St. Rep. 823, 15 Pac. 82]; Code Civ. Proc., sec. 22.)

The point that the court in the divorce action did not obtain jurisdiction over the defendant by publication of summons is not well taken.

The cases cited by respondent to the point that the order of publication must be made with reasonable promptness after the affidavit for publication (*People* v. *Huber,* 20 Cal. 81, *Forbes* v. *Hyde,* 31 Cal. 342, and *Cohn* v. *Kember,* 47 Cal. 144) have no application.

[3]   Respondent also claims that the divorce decree was invalid because of the fact that the name of the plaintiff's husband as stated in the marriage license was Tychof B. Hurt, but the plaintiff testified that her husband was always known to her and all others by the name of Theodore. It is consequently proper to sue him by that name. The trial court was also of that view.

Judgment reversed.

Lennon, J., Waste, J., Shurtleff, J., Lawlor, J., Sloane, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices present concurred.