[Civ. No. 8954.   Third Dist.   Dec. 17, 1956.]

In re COLLEEN LYNN McGEHEE, a Minor, etc., for Change of Name.   LOIS JEAN McGEHEE, Appellant, v. JAMES R. BESERRA, Respondent.

H. E. Gleason for Appellant.

Gilbert Moody and Lin Griffith for Respondent.

VAN DYKE, P. J.—This is an appeal from an order denying appellant's application to have her minor daughter's name changed from Colleen Lynn McGehee to Colleen Lynn Beserra, which is the name she uses and by which she is known.

Appellant is the former wife of respondent James R. Beserra, who now lives in San Rafael.   Their 6-year-old son, who

resides with appellant and Colleen in Stanislaus County, uses and is registered in school under his father's surname. Colleen, who is 3 years of age, is the child of appellant's second husband, Seth Thomas McGehee, but has always used the name Beserra, which is the name appellant resumed after appellant divorced Mr. McGehee who had deserted and abandoned her. Appellant testified that when Colleen enters school, it will be confusing and embarrassing for her to have a different last name from that of her mother and half-brother. Therefore, pursuant to section 1276 of the Code of Civil Procedure, appellant filed an application whereby she sought to have Colleen's surname declared to be Beserra.

Respondent filed no objections to appellant's petition, but appeared at the hearing thereon. He there testified only that he was opposed to Colleen's using his surname as she was not his child and the name Beserra was very ''exclusive,'' being borne only by himself and his immediate family.

The issue presented on appeal from an order denying a change of name is whether on the record it can be said the court abused its discretion. ■ In resolving this issue we consider that the common law right to change one's name has never been abrogated in California; that the purpose of the statutory proceeding is simply to have, wherever possible, a record of the change; that where the right to change has been exercised some substantial reason must exist for the denial. (*In re Useldinger*, 35 Cal.App.2d 723 [96 P.2d 958].)

■ We find no substantial reason for the denial of the petition here. Substantial reasons were given for the change that had been made. Mr. Beserra merely objected on sentimental grounds peculiar to himself, and contravening in no sense the reasons for the change. No right of his was threatened. He may consider the name ''Beserra'' to be ''exclusive,'' but the law does not so consider it.

The order is reversed with directions to the trial court to grant the petition.

Peek, J., and Schottky, J., concurred.