[Civ. No. 47555. Second Dist., Div. One. Jan. 9, 1976.]

JANET LYNN WEATHERS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
FRANCISCO GRIPPA, Real Party in Interest.

**COUNSEL**

Jill Jakes, Fred Okrand, Mark D. Rosenbaum, Daniel C. Lavery and Mary Ellen Gale for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**THOMPSON, J.—** ▮ The case at bench reaches us on petition for writ of mandate. It raises the issue of the right of a wife who during marriage used her maiden name to petition for a dissolution of marriage in that name rather than the surname of her husband. We conclude that the wife has the right so to file her petition.

On April 14, 1975, wife, appearing in propria persona, filed her petition for dissolution of marriage in the northeast branch of the Los Angeles Superior Court. The petition discloses that the parties were married in Oklahoma and that there are no children of the marriage. It

does not seek division of property or support. The petition is captioned "In re the Marriage of Petitioner Janet Lynn Weathers and Respondent Francisco Grippa."

On July 21, the petition was heard by Commissioner Russell R. Hermann sitting as a temporary judge of the court. Wife appeared in propria persona while Francisco Grippa made no appearance. Commissioner Hermann called the case as "Weathers versus Grippa." He asked wife if she had married Francisco Grippa. When wife answered that she had, the commissioner replied "All of your pleadings say 'Weathers versus Grippa.'" Informed by wife that she had at no time assumed Grippa's name, the commissioner replied, "That doesn't matter whether you have assumed it or not." Amplifying when wife responded that she had never used the Grippa name, the commissioner said, "The marriage certificate makes you Mrs. Grippa." When wife protested, "No, it doesn't," Commissioner Hermann responded, "They must have an awful novel wedding certificate in Oklahoma if it doesn't." Informed by wife that the marriage certificate simply read "Janet Lynn Weathers and Francisco Grippa," the commissioner replied, "I have never divorced people with two different names; never have."

Wife asserted correctly that under California law she could use any name she wished. The commissioner responded, less correctly, "In California you can use any name you want to as long as you don't do business in that name, then all you have to do is get permission to do business. When you marry a man in California, you become his wife and you have his name." The court then granted permission to amend the petition. When wife responded that she could not use the Grippa name because all her legal papers and a professional contract were in her maiden name which was the only one she used, the commissioner responded, "Then go back to Oklahoma and get the divorce." Commissioner Hermann then dismissed wife, saying that she would have to file an amended petition in the name of Grippa v. Grippa. On July 25, 1975, the court entered its minute order denying an interlocutory judgment of dissolution of marriage.

While Code of Civil Procedure section 1276 embodies a statutory procedure for change of name, that section is designed merely to provide a public record of the change. (3 Witkin, Summary of Cal. Law (8th ed.) Personal Property, § 12.) The statute does not supplant the common law rule that a person may, without formal action, adopt any name he or she chooses (*In re Ross*, 8 Cal.2d 608, 609 [67 P.2d 94, 110 A.L.R. 217]) so

long as the name is not adopted to defraud or intentionally confuse. (*In re Weingand,* 231 Cal.App.2d 289 [41 Cal.Rptr. 778].)  ██  Accordingly, when a woman marries, she may choose to be known by the surname of her husband or by her maiden surname. Her choice dictates her legal name. Although married, she may maintain an action in court using the name by which she was known prior to marriage. (*Cherrigan* v. *City etc. of San Francisco,* 262 Cal.App.2d 643, 653 [69 Cal.Rptr. 42].)  ██  In the context of marital dissolution, a decree is valid if it uses the name by which a party is known although a different name may appear on the marriage license. (*Hurt* v. *Haering,* 190 Cal. 198, 201 [211 P. 228].)

██  The trial court thus exceeded its jurisdiction in refusing to entertain wife's petition for dissolution of marriage solely because the petition was filed in wife's maiden name.[1]

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its order of July 21, 1975, and to entertain and hear on the merits petitioner's petition for dissolution of marriage as presently captioned.

Wood, P. J., and Hanson, J., concurred.

---

[1]Conceivably, the court could, by rule or otherwise, require the petition to be so captioned as to permit the dissolution action to be correlated to county statistical records of marriages so long as it allows the petition to be filed in the name adopted by the petitioner. That issue is not before us.