**In the Matter of the Application of Michael Herbert DENGLER for Change of Name to 1069.**

**No. 49052.**

Supreme Court of Minnesota.

Dec. 28, 1979.

Timothy R. Geck, White Bear Lake, Thomas M. Lockney, Criminal Justice Project, Austin, Tex., for appellant.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen. and Christine M. Luzzie, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard by SHERAN, C. J., OTIS and MAXWELL, JJ., and considered and decided by the court en banc.

OTIS, Justice.

The appellant, Michael Herbert Dengler, seeks review of a judgment of the district court denying his application for a change of name. The attorney general has intervened to support the constitutionality of Minn.Stat. §§ 259.10, .11 (1978) which appellant has challenged. We affirm.

The name for which appellant has applied are numerals "1069." The issues presented are: (1) the discretion which a trial court may exercise and the criteria which govern the granting or denying of an application for name change; (2) the constitutionality of Minn.Stat. §§ 259.10, .11 (1978); and (3) the legislative intent in adopting and codifying the common law right to a name change.

Appellant is a naturalized citizen of German origin who was given the name Michael Herbert Dengler by his adoptive parents. He is divorced and has two minor children who are in the custody of their mother, none of whom are affected by these proceedings.

In this court he assigns no reasons for the selection of "1069" beyond stating that it "has personal significance and relates to his unique philosophy." He argued below that the number "1069" symbolized his interrelationship with society, and conceptually reflected his personal and philosophical identity.

For the past four or five years the name "1069" has been used by appellant and has been accepted by those with whom he has had social and business relationships. That name has been recognized by his bank, the Social Security Administration, and various state agencies including the Department of Employment Services. However, the Minnesota Gas Company and the Drivers License Division of the Department of Public Safety will not recognize the name "1069" without the court order which appellant here seeks.

The pertinent statutes insofar as they are relevant provide as follows:

[Minn.Stat. §] 259.10 [(1978).] *Procedure.* A person who shall have resided in any county for one year may apply to the district court thereof to have his name * * * changed in the manner herein specified."

[Minn.Stat. §] 259.11 [(1978).] *Order; filing copies.* Upon meeting the requirements of section 259.10, the court shall grant the application unless it finds that there is an intent to defraud or mislead * * *.

1. In denying the appellant's application, the trial court expressly found that it "is not the product of fraudulent motive * * *," but the court was of the opinion that the designation of a person by a number was an "abject dehumanization and totalitarian deprivation of dignified human privacy."

While we tend to agree with the court's assessment of the use of numerals to identify human beings, we are of the opinion that to the extent the dehumanizing consequences of adopting a number as a name are self imposed, the discretion of the court to deny such an application is limited. The statute itself mentions only "intent to defraud or mislead" as grounds for denial. Nevertheless we read into the statute an implicit intent that other factors may be considered, insofar as they are likely to

have an undesirable impact on those other than the applicant. If he chooses to adopt a name which simply subjects himself to contempt, ridicule, and inconvenience, he has a common law and statutory right to do so. But if the name he chooses is, for example, racist, obscene, or otherwise likely to provoke violence, arouse passions, or inflame hatred, clearly the court has inherent authority to deny him judicial approval. This is not such a case, however.

2. The appellant contends that the selection of a name is a matter of personal choice, and a fundamental constitutional right, which government may not restrict for aesthetic or moral reasons, absent legitimate criteria such as fraud or obscenity. This is a matter of free expression and privacy guaranteed by the First, Third, Fourth, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution, appellant claims. It is a right to protect "personal autonomy with respect to intimate aspects of self determination and identity, self respect and privacy" it is argued.

■ We find it unnecessary to address these constitutional questions. The state has taken no action to prevent appellant from using "1069" as his official name. The refusal of the court to act on his application denies him none of the common law rights he now enjoys.[1]

It is time enough to consider the question of appellant's constitutional rights when he can demonstrate that he had been subjected to something more than trivial and self-inflicted inconvenience by adopting the numeral "1069" as his name. He has available to him the resources of the courts to assert any substantial right which may arbitrarily be refused him because of the mode of identification he has selected for himself.

■ 3. We affirm for the reason that we are satisfied it was not the intention of the legislature in adopting Minn.Stat. §§ 259.10, .11 (1978) to authorize a court order which changes to a numeral an alphabetical "name" as that word has been historically and traditionally understood. We are not persuaded that the legislature had in mind such a radical departure from precedent as that contemplated by appellant. It is reasonable to assume that if it had been faced with the question at the time of adoption, the legislature would have rejected the proposal for pragmatic reasons, our social and economic system being geared as it is to identifying individuals by letters rather than by numbers. However, that is not to say the appellant may not, if he chooses, apply for the same name, using words instead of numerals, i. e. "Ten Sixty-Nine" or "One Zero Six Nine."[2] Nothing we here decide would prevent the court

---

1. "As regards the surname * * *, custom has universally decreed that a man shall be known by the name of his father. But in England and the United States, at least, this custom is not legally binding; there is no law preventing a man from taking whatever name he has a fancy for, nor are there any particular formalities required to be observed on adopting a fresh surname; but, on the other hand, if a man has been known for a considerable time by the name of his father, or by a name of repute, and he changes it for another, he cannot compel others to address him or designate him by the new one. Neither does the English law recognize the absolute right of any person in any particular name to the extent of preventing another person from assuming it (DuBoulay v. DuBoulay, 1869, L.R. 2 P.C. 430). If, however, a person adopts a new name and wishes to have it publicly notified and recognized in official circles, the method of procedure usually adopted is that by royal licence." 19 The Encyclopaedia Britannica, 159 (1911 11th ed.).

In In re Merolevitz, 320 Mass. 448, 450, 70 N.E.2d 249, 250 (1946) the rule was stated thus: "It is well settled that at common law a person may change his name at will, without resort to legal proceedings, by merely adopting another name, provided that this is done for an honest purpose. * * * In jurisdictions where this subject has been regulated by statute it has generally been held that such legislation is merely in aid of the common law and does not abrogate it."

To the same effect are Traugott v. Petit, R.I., 404 A.2d 77 (1979), and Simmons v. O'Brien, 201 Neb. 778, 272 N.W.2d 273 (1978).

2. It may be appropriate to point out that the use of a Christian name such as "One" and surname "Nine" would not phonetically be unlike the name "Juan Nyen" which are the somewhat unusual but perfectly acceptable names.

from approving a name change fashioned in this manner.

Meanwhile, as we have indicated, the appellant is at liberty to enjoy his common law right to the use of numerals as his name, as long as he is willing to endure the inconvenience which is attendant on asserting that right.

Affirmed.