159 Cal.App.3d 1070 (1984)
206 Cal. Rptr. 239
In re THOMAS BOYD RITCHIE III, for Change of Name.
THOMAS BOYD RITCHIE III, Petitioner and Appellant,
v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Objector and Respondent.
Docket No. A016713.
Court of Appeals of California, First District, Division Three.
September 10, 1984.
*1071 COUNSEL
Richard J. Hicks and James, Gack & Freeman for Petitioner and Appellant.
No appearance for Objector and Respondent.
OPINION
ANDERSON, J.
This is an appeal from the trial court's order denying petitioner's application for a name change.
Petitioner Thomas Boyd Ritchie III (appellant) filed an application to change his name as a matter of public record (Code Civ. Proc.,[1] § 1275 et *1072 seq.) to the roman numeral "III" (pronounced Three). The application stated in essence that appellant was born Thomas Boyd Ritchie III. Approximately six years prior to the filing of the application appellant began to use III as his name primarily for the sake of convenience. Thereafter, he kept using the new name because it gave him a greater sense of personal identity and his friends, peers and business associates knew him by that name. Appellant finally alleged that an official recordation of his new name was essential in order to obtain crucial documents (driver's license, credit cards, etc.) from agencies and financial institutions.
After hearing the trial court denied the application on the grounds that a change to a roman numeral did not constitute a name change within the meaning of the law and that the new "name" used by appellant was inherently confusing.
(1a) Appellant contends that the denial of his petition was an abuse of discretion. We disagree with appellant and affirm the order.
(2) The common law recognizes the right of a person to change his name without the necessity of legal proceedings; the purpose of the statutory procedure is simply to have, wherever possible, the change recorded. (In re Ross (1937) 8 Cal.2d 608, 609 [67 P.2d 94, 110 A.L.R. 217]; Weathers v. Superior Court (1976) 54 Cal. App.3d 286, 288 [126 Cal. Rptr. 547].) While California case law seems to favor the legal change of a name to conform to usage, and while these cases uniformly teach us that there must be a substantial reason for the denial, they nonetheless recognize that the statute does vest the trial court with discretion in granting or denying an application for a name change. (§ 1278[2]; In re McGehee (1956) 147 Cal. App.2d 25, 26 [304 P.2d 167]; In re Useldinger (1939) 35 Cal. App.2d 723, 727 [96 P.2d 958].) While it has been said that the trial court may properly deny the application if the name was adopted to defraud, intentionally confuse or intrude into someone's privacy (Weathers v. Superior Court, supra, 54 Cal. App.3d at pp. 288-289), it is well settled that each case must be decided on its own facts, and that in adjudicating the issue additional reasons may also be considered. (In re Weingand (1964) 231 Cal. App.2d 289, 293 [41 Cal. Rptr. 778]; In re Useldinger, supra, 35 Cal. App.2d at p. 727.) Lastly, it is blackletter law that the exercise of the trial court's discretion will be disturbed only for a clear abuse (Weeks v. Roberts (1968) 68 Cal.2d 802, 806 [69 Cal. Rptr. 305, 442 P.2d 361]), and that if there is any basis upon which the action can be sustained, the ruling of the trial court must be *1073 upheld on appeal. (Denham v. Superior Court (1970) 2 Cal.3d 557, 564 [86 Cal. Rptr. 65, 468 P.2d 193].)
(1b) The question squarely presented here then is whether the trial court abused its discretion in denying appellant's petition when no opposition thereto was presented and no evidence indicated an intent by petitioner to defraud anyone or to "cash in" on someone else's reputation.[3]
The trial court correctly observed that the requested change to a roman numeral did not constitute a name change within the purview of the law. (3) At common law a person's name consisted of a given name and of a surname or family name. (65 C.J.S. Names, § 3, at p. 3.) In the definition of the case law, "The name of a person is the distinctive characterization in words by which he is known and distinguished from others." (Putnam v. Bessom (1935) 291 Mass. 217 [197 N.E. 147, 148], italics added.) (1c) While the words may consist of letters or letters and symbols, it is common knowledge that words do not consist solely of numbers or symbols. It follows that the purported name suggested by appellant failed to qualify as a name within the meaning of either the common law or the statute and that as a consequence the trial court's refusal to grant the application may be justified on this basis alone.
The reasoning of Petition of Dengler (N.D. 1976) 246 N.W.2d 758 is persuasive. In Dengler, Michael Herbert Dengler petitioned the court to change his name to the arabic numerals "1069." The trial court denied the petition. In upholding the trial court's ruling the North Dakota Supreme Court stressed that the "name" as understood by the common law did not include a number. Moreover, the Supreme Court held that in denying the petition the trial court did not abuse its discretion, because "Innovative ideas, even though bordering on the bizarre, are frequently encouraged and may be protected by the law and the courts, but to use the court or law to impose or force a number in lieu of a name upon society is another matter. The law may permit a person to use a number but will not force its acceptance." (At p. 764, italics added.)
Three years later the Minnesota Supreme Court upheld the lower court's denial of Michael Herbert Dengler's petition to change his name to "1069," because the number was not a "name"; "... it was not the intention of the legislature in adopting ... [the applicable statute] to authorize a court order which changes to a numeral an alphabetical `name' as that word has *1074 been historically and traditionally understood." (Application of Dengler (Minn. 1979) 287 N.W.2d 637, 639.)
The trial court herein also based its denial upon the observations that in an era of high technology where all important data are processed by computers, it is not unreasonable to conclude that the usage of numbers for designating or describing persons might cause inherent confusion in public records which, in turn, may well facilitate deception or fraud of individuals, institutions or the public as a whole. Such reasoning clearly demonstrates the proper exercise of the court's discretion.
In so upholding the trial court's exercise of discretion in dismissing petitioner-appellant's petition, we do not depart from the long settled common law principle that a person may change his name without the necessity of legal proceedings (see In re Weingand, supra, 231 Cal. App.2d at p. 292, and In re Ross, supra, 8 Cal.2d at p. 609); we merely withhold our sanction. Petitioner is still free to call himself what he will. But to call himself a number, even roman, does not a new "name" make. Historically and chronologically it may 1984 be, but novelistically we do not with Orwell such foresee.
The order is affirmed.
Barry-Deal, J., concurred.
SCOTT, Acting P.J.
I concur in the judgment. I agree with the lead opinion and the North Dakota and Minnesota Supreme Courts that a number is not a name. (Petition of Dengler (N.D. 1976) 246 N.W.2d 758; Application of Dengler (Minn. 1979) 287 N.W.2d 637, 639.) Here petitioner wants to be called "Three" but he wants to have it spelled "III." "III" is simply not a word, it is a symbol. A person might change his name to "number" but surely he could not spell that name "#." The same rationale would apply to the name "period" spelled "." or "question mark" spelled "?".
Where I part from the lead opinion is in its suggestion that the validity of the trial court's decision turns on whether it abused its discretion. The implication is that the trial court in its discretion could have approved petitioner's change of name request. I think not. In my view the trial court could not have ruled otherwise. The trial court does not have the discretion *1075 to approve a name change wherein the petitioner requests that he be permitted to use a symbol in place of a word in the spelling of his name.
A petition for a rehearing was denied October 10, 1984, and appellant's petition for a hearing by the Supreme Court was denied November 20, 1984.
NOTES
[1] Unless otherwise indicated, all further references are to the Code of Civil Procedure.
[2] Section 1278 provides in pertinent part that "On the hearing, the court may examine on oath any of the petitioners, remonstrants, or other persons, touching the application, and may make an order changing the name or dismissing the application, as to the court may seem right and proper." (Italics added.)
[3] Note that the only California case upholding the trial court's denial of petitioner's application is reported in In re Weingand, supra, 231 Cal. App.2d 289, wherein the trial court found petitioner's purpose was to "cash in" on the reputation of a famous movie star, to wit: Peter Lorre.