BILL LOCKYER Attorney General ROBERT L. MUKAI Deputy Attorney General
THE HONORABLE TED LEMPERT, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Is a common law change of name valid in California?
 CONCLUSION
A common law change of name is valid in California.
 ANALYSIS
". . . An old Roman maxim runs, `Sine nomine homo non est' (without a name a person is nothing). One's name is a signboard to the world. It is one of the most permanent of possessions; it remains when everything else is lost; it is owned by those who possess nothing else. A name is the only efficient means to describe someone to contemporaries and to posterity. When one dies it is the only part that lives on in the world. [Citation.]" (In re Marriage of Gulsvig (Iowa 1993) 498 N.W.2d 725, 730
(dis. opn. of Snell, J.).)
The question presented for analysis is whether a common law change of name is valid in California. Before answering the question in the affirmative, we undertake to explain what a common law change of name is.
The phrase "common law change of name" refers to the adoption and use of a name different from the one by which a person was formerly known, without resort to judicial process or other intervention by the state. The usage reflects the fact that at common law, all persons had, and in most common law jurisdictions including California,[1] continue to have a right to change their given names and surnames at will. In modern times the phrase generally denotes the right of a person to use whatever name he or she chooses, as long as the purpose is not "to defraud or intentionally confuse." (Weathers v. Superior Court (1976)54 Cal.App.3d 286, 288.)
In California, as in most American jurisdictions (see Note, South Dakota Supreme Court: Keegan v. Gudahl: The Child's Surname as a New Bargaining Chip in the Game of Divorce (1996) 41 S.D. L. Rev. 166, 176-177, fn. 91), a procedure has been established by statute (Code Civ. Proc., §§ 1275-1279.6) for the formal changing of one's name. The purpose of the statutory procedure is to have, wherever possible, an official record of the change. (In re Ross (1937)8 Cal.2d 608, 609; In re Ritchie (1984) 159 Cal.App.3d 1070, 1072.) But resort to the statutory procedure is not necessary either prior to commencing use of a new name, or afterward, for the purpose of rendering a prior name change valid. The statutory method for changing names does not repeal or displace the common law ability to change one's name. (Code Civ. Proc., § 1279.5, subd. (a).) Accordingly, a person may change his or her name without legal proceedings simply by adopting another name and using it as his or her own. (In re Ross, supra, 8 Cal.2d at p. 609; Lee v. Superior Court (1992) 9 Cal.App.4th 510, 513-514; In re Ritchie, supra, 159 Cal.App.3d at pp. 1072-1074.)
The statutory procedure's very placement of the new name on the public record, however, unquestionably affords some advantages not bestowed on a common law name change standing alone. The statutory process provides an official document by which the change of name is definitely and specifically established and easily proved even after the death of all contemporaneous witnesses. Conversely, the inability to establish one's name for purposes of life's daily transactions, although perhaps only occasionally resulting when sole reliance is placed on the common law method, can be a substantial inconvenience when it occurs. Such are the circumstances in which one may be led to question the "validity" of a common law change of a name.
A common law name change is "valid" notwithstanding the failure or refusal of others to recognize and rely on the new name. The validity of the name change is unaffected by the refusal of others to accept it, simply because the validity of the change does not include a requirement that it be recognized or accepted by the world at large, or indeed, by anyone except the one who assumes it. In Application of Dengler (Minn. 1979) 287 N.W.2d 637, for example, the Minnesota Supreme Court observed:
 "`. . . [C]ustom has universally decreed that a man shall be known by the name of his father. But in England and the United States, at least, this custom is not legally binding; there is no law preventing a man from taking whatever name he has a fancy for, nor are there any particular formalities required to be observed on adopting a fresh surname; but, on the other hand, if a man has been known for a considerable time by the name of his father, or by a name of repute, and he changes it for another, he cannot compel others to address him or designate him by the new one. [Citation.]'" (Id., at p. 629, fn. 1.)
A common law name change, in other words, carries with it no mandate to those with whom one comes in contact to accept at face value the nexus between the new name and the individual who assumes it.
Thus "validity," for purposes of a common law name change, means that one has the freedom to change one's name and to use whatever name he or she chooses, qualified only by the proviso that the purpose not be dishonest. To change one's name by the common law method is to exercise the freedom to unbind oneself from the given name or surname acquired through birth or prior assumption, and to identify oneself anew; it is not to unilaterally impose recognition or acceptance of the newly chosen name as an obligation incumbent upon others.
In answer to the question presented, we conclude that a common law change of name is valid in California.
[1] Civil Code section 22.2 provides:
 "The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State."