Filed 9/13/24  C.M. v. M.R. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| C.M.,<br><br>    Appellant,<br><br>      v.<br><br>M.R.,<br><br>    Respondent. | G062538<br><br>(Super. Ct. Nos. 20P000074 &<br> 22FL001038)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Israel Claustro, Judge. Affirmed in part, and dismissed in part.

C.M., in pro. per., for Appellant.

No appearance for Respondent.

Appellant C.M. and respondent M.R. have been involved in two cases in the trial court. On this appeal, C.M. challenges two orders, one from each case. In one case, M.R. filed a petition to change the last name of their child, which the trial court granted over C.M.'s opposition. In the other case, the trial court made, inter alia, interim custody orders. C.M.'s arguments on appeal are unavailing and raise issues that are not appealable. As explained below, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL HISTORY

C.M. and M.R. are the parties in two cases with distinct case numbers in the trial court. From what we can discern from the limited record on appeal, the litigation between C.M. and M.R. began in 2020 in case number 20P000074 (20P000074). In 2021, that case came before a different panel of this court on an appeal by C.M. related to certain requests for temporary restraining orders.[1] (*C.M. v. M.R.* (Dec. 2021, G059269) [nonpub. opn.].) From the registrar of actions, there appear to have been many documents filed in 20P000074 since then that were not provided as part of the current appeal's record.

In November 2022, M.R. filed a petition to change the name of their child. (See Code Civ. Proc. § 1275 et seq.) This petition was filed under case number 22FL001038 (22FL001038). The child had the same last name as C.M., and M.R. requested to change the child's last name so that it was a hyphenated combination of C.M's last name and M.R.'s last name (i.e., the

---

[1] In that appeal, the panel of this court affirmed the denial of C.M.'s request for a temporary restraining order and dismissed as moot the appeal from a temporary restraining order M.R. had requested. (*C.M. v. M.R.* (Dec. 2021, G059269) [nonpub. opn.].)

child's last name would be C.M.'s last name, followed by a hyphen, followed by M.R.'s last name). C.M. filed an opposition to the request with exhibits.

On March 10, 2023, the trial court held a hearing and noted there were three matters to address. For 20P000074, the trial court noted there was M.R.'s renewal motion under Code of Civil Procedure section 1008 and M.R.'s request for order regarding child custody and visitation, child support, and attorney fees (no briefing regarding these issues is in the record on appeal). The other matter was the request to change the child's last name under 22FL001038.

Among other issues discussed at the hearing, C.M. raised Family Code sections 2030, 2031, 2032, and 7640[2] (all undesignated statutory references are to this code) and he argued those sections allowed him to request the court hold a hearing and appoint him an attorney. Regarding the request for order as to child custody and visitation, child support, and attorney fees by M.R., the trial court stated it was going to continue the matter at C.M.'s request to allow him to attempt to find an attorney. The trial court issued interim custody orders and stated, "[u]nder 3044, you are not allowed to have joint legal or joint physical custody, so I am going to award temporary sole legal, sole physical custody to [M.R.] pursuant to 3044 of the Family Code."[3] Regarding the request to change the child's last name, the trial court denied C.M.'s request for a continuance, heard argument from

---

[2] At times during the hearing, C.M. also referred to section 7460. We presume he meant section 7640 as he also referenced section 7640 during the hearing and there is no section 7460.

[3] From the record it appears the trial court made these interim custody orders in respect to 20P000074.

C.M., and proceeded to address the merits, finding it was in the best interests of the child to grant the petition.

Following the hearing, the court issued two minute orders dated March 10, 2023. The March 10, 2023 minute order for 22FL001038 indicated, inter alia, the trial court granted the request for change of name, and a decree changing name was signed, filed as of that date, and incorporated by reference.[4]

In the second March 10, 2023 minute order for 20P000074, the trial court made several findings. Of significance here, the trial court made "temporary custody orders pending the next hearing date[.]" M.R. was to have sole legal and sole physical custody of the child, with monitored visitation for C.M. The minute order required "[c]ounsel for [M.R.] to prepare the formal order."

In 20P000074, the Findings and Order After Hearing (FOAH) was subsequently filed and signed by the trial court on August 25, 2023.[5] Notably here, the FOAH indicated the trial court found C.M. to be "subject to the presumption against custody imposed by . . . section 3044" and granted M.R.'s "request for temporary custody orders[.]" The FOAH also noted C.M.'s "motion for attorney's fees is denied pending the hearing on April 27, 2023." (Capitalization omitted.) C.M. was ordered to timely file and serve an income

---

[4] On our own motion, we augment the record on appeal with the decree changing name, which was filed in 22FL001038. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[5] On our own motion, we augment the record on appeal with the FOAH, which was filed in 20P000074. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

and expense declaration and invited to file a notice regarding his request for attorney fees with supporting points and authorities.

C.M. filed a notice of appeal, which listed the case number as 20P000074. His notice of appeal also indicated he was appealing from the judgment or order dated March 10, 2023.

DISCUSSION

"A judgment or order of the trial court is presumed to be correct, and all intendments and presumptions are indulged to support it on matters as to which the record is silent. [Citation.] It is the appellant's burden to affirmatively demonstrate error." (*In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 977–978.)[6] As the appellant, C.M. "has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "We are not bound to develop [appellant's] arguments for [him]. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

These appellate procedural "rules apply both to parties represented by counsel and self-represented parties. [Citation.] 'A party proceeding in propria persona "is to be treated like any other party and is

---

[6] M.R. did not file a respondent's brief in this appeal. "However, we do not treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but independently examine the record and reverse only if prejudicial error is found." (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203.)

entitled to the same, but no greater consideration than other litigants and attorneys.""" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620.)

C.M., a self-represented litigant, presents several arguments in his opening brief without citing any legal authority in support or citations to the appellate record. He raises some arguments for the first time on appeal in his opening brief. C.M. argues the trial court erred for multiple reasons. We consider his arguments where possible. We state below when we must find any arguments forfeited.

I.

C.M.'S NOTICE OF APPEAL

As an initial matter, we address C.M.'s notice of appeal, which lists the trial court case number as 20P000074 and the judgment or order being appealed from as dated March 10, 2023. But the trial court had two separate cases before it on March 10, 2023, 20P000074 and 22FL001038. In each case, the trial court issued a separate minute order on March 10, 2023, one in 20P000074 and one in 22FL001038. Thus, there is an issue regarding whether C.M. is appealing from only the March 10, 2023 order in 20P000074 or also the March 10, 2023 order in 22FL001038.

"'[I]t is and has been the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) Given the specific circumstances here, we liberally construe the notice of appeal to be from both the order in 20P000074 and the order in 22FL001038. (See *id.* at p. 362 ["that the wrong superior court case number was affixed to the notice of appeal does not change the result"].) Since the trial court heard certain issues regarding both

case numbers at the same hearing and issued two separate minute orders dated March 10, 2023, it is reasonably clear C.M. was attempting to appeal from the order in each of those cases. Also, M.R., who did not file a respondent's brief, has not argued she was misled as to whether this appeal also involved the order in 22FL001038 or was prejudiced by such.

C.M.'s notice of appeal identified the order in 20P000074 dated March 10, 2023. The only order in 20P000074 dated March 10, 2023 is the trial court's minute order which "is not itself appealable." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 101.) However, this minute order does indicate M.R.'s counsel was to prepare the FOAH as to 20P000074, which was subsequently filed and signed by the trial court on August 25, 2023.[7] So we will construe the appeal in 20P000074 to be taken from the FOAH. (See *Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1283.)

## II.

### THE FOAH IN 20P000074

In his statement of appealability, C.M. asserts "[t]his appeal is from the judgment of the Orange County Superior Court and is authorized by the Code of Civil Procedure section 904.1, subdivision (a)(1)." However, C.M. does not provide arguments or authority on how the FOAH in 20P000074 could come within the definition of a judgment for the issues he raises as to 20P000074 on appeal.

In respect to the appeal in 20P000074, C.M. contends the trial court restricted his ability to obtain joint or sole custody and made a finding

---

[7] Although the FOAH and its "Attachment to Findings and Order after Hearing" identify only 20P000074, page two of the attachment includes the trial court's order granting M.R.'s request to change the child's name. (Some boldface and capitalization omitted.)

7

under section 3044[8] without holding a hearing under section 217.[9] But the trial court's orders "award[ing] temporary sole legal, sole physical custody to [M.R.] pursuant to 3044 of the Family Code" were, as indicated in the FOAH, "temporary custody orders," which are not appealable. (See *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 456 ["custody orders are interim and not appealable, and we therefore need not consider father's arguments"].)[10]

Additionally, to the extent C.M.'s arguments regarding section 7605 and prejudice, which are discussed *post*, are intended to apply to 20P000074, C.M. offers no basis for how those arguments would be

---

[8] Section 3044, subdivision (a) provides, in part, "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, or against the child or the child's siblings, or against a person in subparagraph (A) of paragraph (2) of subdivision (a) of Section 3011 with whom the party has a relationship, there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020."

[9] Section 217, subdivision (a) provides, "At a hearing on any order to show cause or notice of motion brought pursuant to this code, absent a stipulation of the parties or a finding of good cause pursuant to subdivision (b), the court shall receive any live, competent testimony that is relevant and within the scope of the hearing and the court may ask questions of the parties."

[10] C.M. failed to provide an adequate record on appeal in any event regarding his section 3044 argument. Moreover, to the extent C.M. is attempting to argue the section 3044 issue was a due process violation, this argument is not developed in his briefing, so we must find it to be forfeited. (See *Martine v. Heavenly Valley Limited Partnership* (2018) 27 Cal.App.5th 715, 728–729 (*Martine*).)

appealable as part of this order.[11] In any event, as discussed *post*, those arguments are unavailing. We conclude the FOAH is not an appealable order by C.M. and dismiss C.M.'s appeal regarding this order as to 20P000074.

III.

THE ORDER IN 22FL001038

The trial court granted the request to change the child's last name to a hyphenated combination of C.M.'s and M.R.'s last names, determining it was in the best interests of the child. (See Code Civ. Proc. § 1278.5 [stating, where both parents, if living, do not consent to the name change, "the court may deny the petition in whole or in part if it finds that any portion of the proposed name change is not in the best interest of the child"].) The order granting the requested change of name, which incorporated the decree, is effectively a final judgment in 22FL001038 and appealable.

The trial court's conclusion is reviewed under the substantial evidence standard of review. (See *In re Marriage of Douglass* (1988) 205

---

[11] There are cases recognizing "'[t]he denial of a request for attorney fees pendente lite is appealable because it possesses all the elements of a final judgment on the issue of whether a spouse may be able to obtain such fees.'" (*In re Marriage of Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 468.) Here, however, the trial court's denial of the request for attorney fees was not final as the FOAH showed that this request was only denied pending the next hearing.

9

Cal.App.3d 1046, 1055.)[12] Under this standard, "'all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. . . . When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.'" (*Ibid.*)

Here, there was substantial evidence supporting the trial court's finding it was in the best interest of the child to have a hyphenated combination of C.M.'s last name and M.R.'s last name. (See *In re Marriage of Schiffman* (1980) 28 Cal.3d 640, 647–648 [discussing factors the court may consider in determining whether a contested name change of a minor is in the minor's best interest].) The trial court noted the requested name change would incorporate both parents' last names and the change would not "eras[e] [C.M.]'s name from [the child's] name." The court also explained the child, who was then four years old, was at an early enough stage where the child could adopt both parents' last names. The court considered the timing to be good for such a change as it is "before [the child] goes on with [the child's] elementary schooling, junior high school, and high school schooling."

On appeal, C.M. argues "critical issues were not addressed such as the fact the minor child has 3 siblings who share" C.M.'s last name. C.M. does not elaborate on what those other "critical issues" were besides his argument about siblings, but even assuming this argument weighs against

---

[12] C.M. does not meaningfully address the standard of review. There is an argument that abuse of discretion applies here. (See *In re Ritchie* (1984) 159 Cal.App.3d 1070, 1072 ["the statute does vest the trial court with discretion in granting or denying an application for a name change"].) However, we need not resolve whether abuse of discretion applies here because we would reach the same result under an abuse of discretion standard.

the name change, it does not require reversal under the substantial evidence standard of review. C.M. also argues the child had not requested a name change. This argument is also unavailing, and C.M. provides no basis for why a name change could only be granted upon the request of a four-year-old child.

Additionally, C.M. argues the trial court denied his request for a mandatory hearing under section 7605, which relates to an award of attorney fees under certain circumstances and discusses certain procedural issues.[13] According to C.M., a hearing under section 7605 should have occurred before any judgment or findings to preserve his right to equal representation. However, C.M. forfeited his argument regarding section 7605 by failing to raise it before the trial court at the March 10, 2023 hearing. (See *Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1012.)

At the March 10, 2023 hearing, C.M. requested a hearing under sections 2030, 2031, 2032, and 7640. C.M. argued sections 7640 and 7641 trigger consideration of section 2030. These are different statutes than

---

[13] Section 7605, subdivision (a) provides, in part, "In any proceeding to establish physical or legal custody of a child or a visitation order under this part, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a government entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

section 7605,[14] and on appeal, C.M. does not assert the trial court erred because the statutes he actually argued before the trial court apply and require reversal.[15]

At oral argument for this appeal, C.M. also contended the trial court failed to hold an evidentiary hearing under section 217 regarding the petition to change the child's last name. However, even assuming section 217 applies to this petition, C.M. forfeited his argument by failing to raise it in the trial court. (*In re Marriage of Cohen* (2023) 89 Cal.App.5th 574, 684 ["the right to live testimony under Family Code section 217 may be forfeited"].) C.M. had opportunities to argue the merits of the petition to change the child's last name in the trial court: he filed an opposition with exhibits and argued at the hearing. But the record does not reflect C.M. made a request in the trial court to present live testimony pursuant to section 217 as to whether

---

[14] While section 2030 and section 7605 are similar, section 2030 applies to "a proceeding for dissolution for marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment." (See also *Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 641 (*Kevin Q.*) ["[s]ection 2030 is expressly applicable only to marital proceedings"].) "[S]ection 7640 grants a court the *discretion* to award fees." (*Kevin Q., supra,* 195 Cal.App.4th at p. 642.) Section 7640 also notes "[t]he court *may* apply the standards set forth in [s]ections 2032 and 7605[,]" but it does not require the court to apply everything in section 7605. (Italics added.)

It is unclear from C.M.'s briefing as to which case these arguments relate. Nonetheless, we address them as to the appeal in 22FL001038.

[15] To the extent C.M. is attempting to argue he was denied due process, this argument is undeveloped and forfeited. (See *Martine, supra,* 27 Cal.App.5th at pp. 728–729.)

12

the child's last name should be changed.[16] At most, C.M. requested a continuance and a hearing to appoint him an attorney purportedly pursuant to sections 2030, 2031, 2032, and 7640, but those issues are different than a request to present live testimony pursuant to section 217 for the petition to change the child's last name.

Finally, C.M. asserts "prejudicial judicial comments, and actions, resulted in a prejudicial environment in the courtroom." (Capitalization omitted.) We conclude this argument is unavailing. C.M. references various portions of the hearing transcript and argues his credibility was attacked, he was "coerced and put under duress[,]" and the trial court insulted his parenting. C.M. cites *People v. Clark* (1992) 3 Cal.4th 41 (*Clark*), abrogated on other grounds as stated in *People v. Pearson* (2013) 56 Cal.4th 393, 462, for the purported proposition that he must show the judge "'officiously and unnecessarily usurp[ed] the duties of the prosecutor . . . and in so doing create[d] the impression that he [was] allying himself with the prosecution . . . .'" (*Clark, supra,* 3 Cal.4th at p. 143.) C.M. also cites *People v. Fudge* (1994) 7 Cal.4th 1075 (*Fudge*). *Fudge* noted "[a] trial court commits misconduct if it 'persists in making discourteous and disparaging remarks to a defendant's counsel . . . and utters frequent comment from which the jury may plainly perceive that the testimony of the witnesses is not believed by the judge, and in other ways discredits the cause of the defense . . . .'" (*Id.* at p. 1107.) But *Clark* and *Fudge* were criminal cases with a jury and prosecution which were not present here and C.M. offers no explanation as to why those cases apply in this instance. To the extent C.M. is attempting to

---

[16] The record also does not reflect that C.M. filed and served a witness list of any nonparties prior to the hearing under section 217, subdivision (c).

make some other argument about bias or due process, C.M.'s argument is undeveloped and forfeited. (See *Martine, supra,* 27 Cal.App.5th at pp. 728–729.)

In any event, the record on appeal does not support an argument the trial court was biased. The trial court's responses and comments at the hearing do not evidence bias.

## DISPOSITION

The appeal from the order in 20P000074 is dismissed, and the appeal from the order in 22FL001038 is affirmed. Because respondent did not appear, no appellate costs are awarded.

MOTOIKE, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

14