Filed 6/27/25  Wheeler v. Superior Court CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>THE SUPERIOR COURT OF SOLANO COUNTY,<br><br>        Defendant and Respondent. | A170679<br><br>(Solano County<br>Super. Ct. No. CU23-02836) |

## MEMORANDUM OPINION[1]

Eric Wheeler is currently serving a lengthy term of incarceration in state prison for committing multiple acts of child molestation decades ago.  In this appeal, he challenges the Solano County Superior Court's recent denial of Wheeler's motion to reconsider his petition under Code of Civil Procedure section 1279.5 (section 1279.5) to change his name to "Captain E. J. Wick."  Specifically, Wheeler contends the superior court abused its discretion in denying the petition after a warden of the California Department of

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

Corrections and Rehabilitation (CDCR) had approved the proposed name change. We disagree and affirm the order accordingly.

We review a superior court's denial of a name change petition for abuse of discretion. (*Wood v. Superior Court* (2024) 100 Cal.App.5th 717, 723.) Under section 1279.5, subdivision (e), "a court shall deny a petition for a name change pursuant to this title made by a person who is required to register as a sex offender under Section 290 of the Penal Code [(the Sex Offender Registration Act)], unless the court determines that it is in the best interest of justice to grant the petition and that doing so will not adversely affect the public safety."

Here, in the motion for reconsideration filed below, Wheeler argued he was not "required to register as a sex offender" (§ 1279.5, subd. (e)) because he is not required to *preregister* under Penal Code section 290.016 and he will only "register in accordance with the [Sex Offender Registration] Act" upon being "released, discharged, or paroled from" prison (*id.*, § 290.003). But even if the question of *when* Wheeler must register is answered by Penal Code section 290.003, the *fact* that he is "required to register" (§ 1279.5, subd. (e)) at all is established by Penal Code section 290. This follows from the text of Penal Code section 290, subdivision (c)(1), which provides that a "person who, since July 1, 1944, has been . . . convicted" of certain offenses "shall register," and from Penal Code section 290.003, which expressly applies to persons who were "confined because of the commission or attempted commission of one of the offenses described in subdivision (c) of [Penal Code] Section 290 . . . ."

For that reason, Wheeler's petition is governed by section 1279.5, subdivision (e), and its presumption against granting a sex offender's petition for name change. That presumption is dispositive "unless the court determines that it is in the best interest of justice to grant the petition and

2

that doing so will not adversely affect the public safety." (*Ibid*.) Here, the superior court determined that the proposed name change "would not be in the best interests of justice" because the "proposed name for this incarcerated prisoner includes a military title, 'Captain.' Within the prison system, military titles and hierarchy are used by those charged with safeguarding the inmates," so allowing Wheeler to change his name to "Captain E. J. Wick" "could cause confusion within [the] prison" and "lead to public safety issues."

On the standard of review operative here, "the exercise of the [superior] court's discretion will be disturbed only for a clear abuse [citation], and . . . if there is any basis upon which the action can be sustained, the ruling of the [superior] court must be upheld on appeal." (*In re Ritchie* (1984) 159 Cal.App.3d 1070, 1072–1073.) There is nothing in the superior court's reasoning that reveals a clear abuse of discretion in this case. The statutory presumption against granting Wheeler's petition was in full effect, and the superior court set forth a substantial reason for declining to find that the presumption was overcome by the best interest of justice. (Cf. *In re McGehee* (1956) 147 Cal.App.2d 25, 26.)

Nor are we persuaded by Wheeler's contention that the CDCR warden's approval of the proposed change of name evinced a determination on the part of CDCR that there was no threat to public safety and in turn, that this determination should have precluded the superior court from ruling as it did. At most, the warden's approval shows that a reasonable third party with greater public-safety expertise disagreed with the ruling. It would not show that the ruling "is ' "so irrational or arbitrary that no reasonable person could agree with it," ' " which is what is required for an abuse of discretion. (*Olive v. General Nutrition Centers, Inc.* (2018) 30 Cal.App.5th 804, 817.)

3

Finally, we note that Wheeler is incorrect in suggesting, without analysis, that section 1279.5 unconstitutionally operates against him ex post facto. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) "The standard for determining whether a law violates the ex post facto clause has two components, 'a law must be retrospective—that is, "it must apply to events occurring before its enactment"—and it "must disadvantage the offender affected by it" . . . by altering the definition of criminal conduct or increasing the punishment for the crime . . . .' " (*People v. Delgado* (2006) 140 Cal.App.4th 1157, 1164.) But section 1279.5 is not a criminal law and has no impact upon Wheeler's sentence or punishment. Moreover, the statute became operative in 2018, prior to Wheeler's name change application. We therefore reject Wheeler's claims.

## DISPOSITION

We affirm.


SMILEY, J.


WE CONCUR:


HUMES, P. J.

BANKE, J.


A170679
*Wheeler v. Superior Court*

4