Filed 5/6/26  Springsteed v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DANIELE EUGENIA SPRINGSTEED, | D086523 |
| Appellant, | |
| v. | (Super. Ct. No. 25CU030188C) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent. | |


APPEAL from an order of the Superior Court of San Diego County, Blair Soper, Judge.  Affirmed.

Daniele Eugenia Springsteed, in pro per, for Appellant.

No appearance for Respondent.

INTRODUCTION

Daniele Eugenia Springsteed appeals from an order denying an application for court approval to change her name.  (Code Civ. Proc., §§ 1275, & 1278.)  Springsteed has not demonstrated that the trial court abused its discretion as a matter of law in denying her request.  We affirm the order.

BACKGROUND

Springsteed filed a petition to change her name from Daniel Eugenia Springsteed to D. Envy Kagome Lara Artemis Neko Hitler Springsteed. In her petition, she explained that the reason for the name change was "[t]o have the same last name as my 8 kids and have 8 names like my kids do." The court denied Springsteed's petition. It found, "due to the length of the name it is inherently confusing." Citing *Lee v. Superior Court* (1992) 9 Cal.App.4th 510 (*Lee*), it also found that "because one of the proposed names is Hitler, it raises the likelihood of inciting violence due to its incendiary history."

DISCUSSION

The trial court "may make an order changing the name, or dismissing the petition or application, as the court may seem right and proper." (Code Civ. Proc., § 1278, subd. (a)(1).) The trial court is thus vested with discretionary power to grant or deny a request for a name change, and its decision will only be disturbed for "clear abuse." (*In re Ritchie* (1984) 159 Cal.App.3d 1070, 1072.) "[I]f there is any basis upon which the action can be sustained, the ruling of the trial court must be upheld on appeal." (*Id.* at pp. 1072–1073.)

Additionally, "[a]ppealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Although no respondent's brief was filed, Springsteed as the appellant " 'still bears the "affirmative burden to show error whether or not the respondent's brief has been filed." ' " (*In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.) Although we appreciate the challenges of appearing as a self-represented litigant, the litigant "is entitled to the same, but no greater, consideration" as

2

any other attorney or litigant on appeal and is required to follow the rules. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638.) The reviewing court is not required to develop the appellant's arguments and may instead treat arguments that are not developed as waived. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.)

Here, Springsteed does not address the court's findings that her proposed name was "inherently confusing" or that the name Hitler "raises the likelihood of inciting violence due to its incendiary history." Any issue an appellant does not raise in the opening brief is deemed forfeited. (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7.) And an appellant forfeits a challenge to a trial court's ruling by failing to address the basis for the trial court's ruling in its briefing. (See *Brown v. Deutsche Bank National Trust Co.* (2016) 247 Cal.App.4th 275, 281–282.) Springsteed's challenge to the court's ruling is therefore forfeited.

Moreover, Springsteed failed to cite relevant legal authority in her appellate brief. (*Rios v. Singh* (2021) 65 Cal.App.5th 871, 881 [arguments forfeited when appellant "fails to support it by citation to legal authority"].) The only case she mentions is *Lee, supra*, 9 Cal.App.4th 510, which was the case relied on by the trial court. But she incorrectly asserts that *Lee* "involved a petitioner seeking to impersonate a public figure for improper purposes." Instead, the petitioner in *Lee* requested "court authorization to change his name to 'Misteri N---r.' "[1] (*Id.* at p. 513.) In upholding the trial court's denial of the name change petition, the Court of Appeal explained, "The proposed surname is commonly considered to be a racial epithet and has

---

[1] In the original application, and in the cited opinion, the "N-word" was spelled out. We refrain from that here.

the potential to be a 'fighting word.'  Appellant has the common law right to use whatever name he chooses.  He may conduct whatever social experiment he chooses.  However, he has no statutory right to require the State of California to participate therein."  (*Ibid*.)  It further explained that "no person has a statutory *right* to officially change his or her name to a name universally recognized as being offensive."  (*Id*. at p. 514.)  The Court of Appeal held that it "cannot say, as a matter of law, that the trial court abused its discretion by denying court approval of a surname that will shock, disparage, or emotionally harm members of a racial group.  The order only precludes the filing of the name with the Secretary of State.  (§ 1279.) Nothing more, nothing less.  '[Appellant] is still free to call himself what he will.' "  (*Id*. at p. 519.)

Even if Springsteed had not forfeited her challenge to the trial court's ruling, we fail to see how it abused its discretion in applying *Lee* to its analysis of the surname Hitler.  In different contexts, courts throughout the country have determined that name is offensive.  (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1075 [defendant used "extremely offensive language such as . . . telling Jewish people that he was 'Hitler' "]; (*State ex rel. Comm'n on Judicial Qualifications v. Jones* (1998) 255 Neb. 1, 22 ["the use of . . . the name of Adolf Hitler is highly offensive and totally inappropriate in any judicial proceeding"]; *Herrnreiter v. Chicago Hous. Auth.* (N.D.Ill. Jul. 30, 2001, No. 98 C 5209) 2001 U.S.Dist. LEXIS 11071, at *20, fn. 5 ["Frequent references and comparisons of [plaintiff] to Hitler would be extremely offensive and might well support a hostile work environment claim."]; *Living Ctrs. of Tex., Inc. v. Penalver* (Tex.Ct.App., Sep. 13, 2006, No. 04-05-00565-CV) 217 S.W.3d 44, 58 [quoting a prior opinion, that '[t]o compare a litigant to this cruel, inhuman savage madman [Hitler], . . . even though by the

4

slightest remark, is calculated to arouse the deepest prejudice on the part of the jury and should not be done by counsel"]; *Severe Records, LLC v. Rich* (M.D.Tenn., Aug. 26, 2009, No. 3:08-00654) 2009 U.S.Dist. LEXIS 76657, at *11–12 ["Plaintiffs' counsel's comparison of the Defendant Rich to 'Adolph Hitler' (*sic*) . . . is patently offensive."].) We conclude the trial court did not abuse its discretion in determining the "that the proposed surname was vulgar, offensive, and a racial slur." (*Lee, supra*, 9 Cal.App.4th at p. 515.)

Finally, case law supports denying a name change petition when the new name would be "inherently confusing." (*In re Ritchie* (1984) 159 Cal.App.3d 1070, 1071, 1074 [affirming denial of petition to change name to III where "it is not unreasonable to conclude that the usage of numbers for designating or describing persons might cause inherent confusion in public records"]; see also *In re Forchion* (2011) 198 Cal.App.4th 1284, 1312 [affirming denial of petition to change name to NJweedman.com where "confusion may result"]; *In re Weingand* (1964) 231 Cal.App.2d 289 [affirming denial of petition to change name to Peter Lorrie, the same name as a movie actor, on the basis that the name would "confuse the public"].) Here, however, due to forfeiture, we decline to address whether the court acted within its discretion to conclude the proposed name was "inherently confusing" due to its "length."

Springsteed has not met her burden to show the trial court abused its discretion.

DISPOSITION

We affirm the court's order.


RUBIN, J.

WE CONCUR:


O'ROURKE, Acting P. J.


HUFFMAN, J.*

_____

\*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.